THE STATE, JAMES L. HURD ET AL., PROSECUTORS, v.
   HORACE L. COOK, COLLECTOR OF TAXES IN THE
   TOWNSHIP OF JEFFERSON, IN THE COUNTY OF
   MORRIS.

1. The standard by which to ascertain the full and actual value for the
   purposes of taxation, under the second section of the General Tax law
   of 1866 (*Gen. Stat.*, p. 3292, ¿ 62), is a consideration of market value
   at a fair sale by private contract.
2. Adjacency to tidal waters or navigable streams, so far as location gives
   an increased market value to lands, may be taken into consideration
   in the valuation for the purposes of taxation.
3. The yearly rental of the premises may also be taken into consideration
   as an element in the ascertainment of true value, where the property
   is so situated that the yearly rental reflects upon true value.
4. The income of property is not the criterion of valuation· for the pur-
   pose of taxation.
5. The doctrine that income is a criterion for valuation for taxation is·
   peculiarly inappropriate to the taxation of mining property, in rela-
   tion to which each year's income represents to that extent a diminu-
   tion in the actual intrinsic value of the property.

On *certiorari*.

Argued at November Term, 1896, before Justices DEPUE,
MAGIE and GUMMERE.

For the prosecutors, *James H. Neighbour.*

For the defendant, *Eugene J. Cooper.*

The opinion of the court was delivered by

DEPUE, J.   This writ brings up an assessment of taxes,
for the year 1895, on a mine of iron ore belonging to the
prosecutors, situate in the township of Jefferson.

The tax was assessed on a valuation of $62,500.   Mr.
Chamberlain, the assessor by whom the assessment of taxes
was made, testified that he placed the valuation of $62,500
on the mine from what it produced; that the production of

the mine for the year 1895 was over twenty-one thousand tons of ore, on which the royalty paid exceeded $13,000. He also testified that he had no other reason for placing such a valuation upon the mine except the income from the production for that year.

The constitution prescribes that all property shall be assessed for taxes at its true value. This prescription is embodied in the second section of the act concerning taxes of 1866, in directing that all real and personal estate shall be liable to taxation at the full and actual value thereof. *Gen. Stat., p.* 3292, § 62. And the standard by which to ascertain the full and actual value is a consideration of market value at a fair sale by private contract. Adjacency to tidal waters or navigable streams, so far as location gives an increased market value to lands, may be taken into consideration in the valuation for the purposes of taxation. *Trask* v. *Carragan,* 8 *Vroom* 264; *State* v. *Flavel,* 4 *Zab.* 370. The yearly rental of the premises may also be taken into consideration as an element in the ascertainment of true value, where the property is so situated that the yearly rental reflects upon true value. *State, Keeler* v. *Tindall,* 7 *Vroom* 97. These adventitious circumstances are simple adjuncts for ascertaining the true value by which the taxes are to be laid. But income of itself is no criterion for an assessor in making a valuation for the purpose of taxation. In *State* v. *Collector of Jersey City,* 4 *Zab.* 108, 118, it was held that the income of property is not the criterion of valuation for the purpose of taxation, and this principle was applied to the taxation of mining property. *State* v. *Randolph,* 1 *Dutcher* 428. It was also applied to the taxation of the property of a toll-bridge company. *State, Easton-Delaware Bridge Co.* v. *Metz,* 2 *Vroom* 378.

The doctrine that income is a criterion for valuation for taxation is peculiarly inappropriate to the taxation of mining property, in relation to which each year's income represents to that extent a diminution in the actual intrinsic value of the property.

The assessment being made by the assessor upon an errone-

ous basis must be set aside, and the assessment must be amended pursuant to the act of March 23d, 1881. *Gen. Stat.,* *p.* 3404, § 547. Several witnesses, experts competent to testify with respect to the value of lands such as are embraced in this assessment and acquainted with the premises, testified that the actual market value of this mining property did not, in 1895, exceed $25,000. Against this testimony no testimony with respect to value was produced on the part of the township. The assessment should be amended to conform to that valuation.

On the application for the writ of *certiorari* in this case the allowance of the writ was made conditional on the prosecutors paying taxes on the valuation of $25,000, and the tax on that sum was paid. To that extent the assessment should be affirmed. and for the excess set aside, with costs.