### JONAS M. TURNLEY v. CITY OF ELIZABETH.

Argued November 7, 1907—Decided February 24, 1908.

Selling price, *i. e.*, market value not cost price, whether of original construction or of estimated reproduction, is the criterion for the valuation to real property established by the Revised Tax act of 1903. *Pamph. L., p.* 398, § 6.

On *certiorari.*

Before Justices GARRISON and REED.

For the prosecutor, *Patrick H. Gilhooly* and *Samuel Koestler.*

For the defendant, *James C. Connolly.*

The opinion of the court was delivered by

GARRISON, J.   This writ of *certiorari* is brought to obtain a reduction in the valuation of the prosecutor's real estate for purposes of taxation.   The substantial question is whether the property has been assessed in accordance with the statute. If any other than the statutory criterion has been adopted, the property has been valued upon a wrong principle.   The statutory criterion is the price the property "would sell for at a fair and *bona fide* sale by a private contract." *Pamph. L.* 1903, *p.* 398, § 6.

The present assessment is for $105,000, made up of $45,000 for land valuation and $60,000 for improvements.   The valuation thus placed upon the land has been considered and passed upon by the state board of equalization of taxes.   The question itself is purely one of fact into which no principle of law or violation of the statute enters, and there is nothing in the proofs that constrains us to disturb the valuation that has been thus affirmed by a special tribunal erected for this particular purpose.   *Colonial Trust Co.* v. *Scheffey, February Term,* 1908.

In respect to the valuation upon improvements, we think that the statutory criterion has not been observed in that cost —*i. e.,* either the original cost of construction or the estimated cost of reproduction has been regarded rather than the standard set up by the statute, viz., selling value.   Under the peculiar facts of the present case, the difference between such cost and such value is of more than usual importance, for the reason that the prosecutor has incorporated into the construc-

tion of his residence a number of features and fancies that, while adding greatly to its cost, have added little or nothing to its selling price or market value. That the prosecutor is entitled under the statute to some reduction of the valuation placed upon his residence is made clear by the testimony. We are not disposed, however, to give much force to the argument that because there are very few actual buyers for so costly a residence the valuation to be placed upon it under the statutory criterion should be correspondingly depreciated. The criterion established by the statute is a hypothetical sale, hence the buyers therein referred to are hypothetical buyers, not actual and existing purchasers. If this be not so, a citizen, by the erection of a residence so costly that no one could buy it, would escape all taxation, which is obviously not the intent of the legislature or the proper interpretation of its statute. Taxation normally bears some relation both to the degree of protection required by the taxpayer and to his ability to contribute to such public burden as manifested by the permanent improvement of his real property. Mere costliness, therefore, cannot rationally be made the basis of exemption from taxation. The location of property and the consequent state of the market for it stand, however, upon a different footing, and have a proper relation to the statutory standard.

Taking these and other considerations into account we have, after a careful review of the very full testimony taken in the cause, determined that the prosecutor is entitled to an abatement of $22,500 from the valuation placed on his residence, leaving the sum of his total assessment $82,500, in excess of which amount the assessment brought up by this writ is reversed, with costs.