————o————

No. 6381.

## TONY GAMBINO, JR., vs. LOUIS FORRESTIER & WIFE.

### Syllabus.

The burden of proof is upon the maker of a note to establish the want of consideration thereof.

When the unsupported testimony of plaintiff is contradicted by the testimony of defendant, and the credibility of neither

— 318 —

has been attacked, the testimony of the plaintiff must be considered insufficient to establish a fact.

Judgment reversed; judgment for plaintiff for $349.98 with interest and attorney's fees.

Appeal from the Civil District Court for the Parish of Orleans, Division "D," No. 109,723. Honorable Porter Parker, Judge.

Henriques & Duchamp, for plaintiff and appellant.

Frederichs & Moise, for defendant and appellee.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

This is a suit upon a note of four hundred and fourteen 98/100 dollars drawn by the defendants to the order of plaintiff, and by him endorsed.

Louis Forrestier answered that during the years 1908, 1910 and 1911 he kept a grocery and he sold to the plaintiff goods to the amount of said note, or which he was never paid; that when he insisted upon payment, the plaintiff suggested that defendant and his wife draw a note for the amount due to him, which the plaintiff would discount in bank, and turn over the proceeds to him, and which the plaintiff would pay to the bank at maturity; that the plaintiff is not the owner of the note, that it was drawn without consideration, and that he is attempting to perpetrate a fraud upon the defendants.

The suit against the wife was subsequently abandoned.

There was judgment dismissing plaintiff's demand as in case of non-suit, and plaintiff has appealed.

Plaintiff is the brother-in-law of the defendant.

There is no attempt made to substantiate the allegations of the answer that the plaintiff owed the defendant $415.00 for groceries. But the plaintiff was asked

whether he did not owe the defendant $100 for five years rent of a lot of ground, $90 for groceries for 1910, $85 for groceries for 1911, $100 for a wagon, $20 for twelve windows and one door frame, one saddle $11, hogs, $9, making a total of $415.

The plaintiff denied owing for rent, for windows and door frame, or for saddle. He admitted owing $40 for groceries and $25 for a wagon, making a total of $65.

When asked whether he did not induce Louis Forrestier to make the note sued on, on the representation that he would discount the note and turn over the proceeds thereof to him in payment of this debt of $415 and, at the maturity, pay the note, plaintiff answers: "absolutely not." He testifies that with this note he borrowed money from the bank, some $150. He swears positively that he loaned $360 to the defendant who gave him his note for it; that the note sued on is the second note, which represents the capital of $360, and the interest thereon.

The only evidence for the defendant is his own testimony. He admits that he made a first note for $350, which he and Gambino took to the bank and discounted, and that he got the proceeds of the note; that he signed the second note of $414.98, representing the capital and interest of the note of $360.00. Having received the proceeds of that note it is perfectly evident that he owes it. The only difference between the plaintiff and the defendant is that while plaintiff alleges that it was as a loan, defendant insists that it was a payment for a debt due him by plaintiff.

The burden of proof was upon the defendant to establish this allegation, as the note carries with it a presumption of consideration. It may be true that plaintiff is

indebted to defendant as he swears; but plaintiff denies it under oath, and his denial destroys defendant's testimony. He has failed to make out his defense, except to the amount of $65.00 admitted by plaintiff.

**36 A., 892, 893; 49 A., 333; 125 La., 619.**

The presumption is that plaintiff is owner of the note.

It is therefore ordered that the judgment of the Court below be reversed and that there now be judgment in favor of the plaintiff, Tony Gambino, Jr., and against the defendant, Louis Forrestier, for the sum of four hundred and fourteen 98/100 dollars with eight per cent per annum interest from June 30th, 1911, till paid, subject to a credit of sixty-five dollars, together with ten per cent attorney's fees on the amount recovered, and all costs of suit.

Opinion and decree, June 30th, 1915.