WILLARD T. GIBBS, APPELLANT, v. STATE BOARD OF TAXES AND ASSESSMENT AND TOWNSHIP OF CLEMENTON, CAMDEN COUNTY, NEW JERSEY, RESPONDENTS.

Argued January 22, 1925—Decided May 18, 1925.

1  To sustain an assessment for taxing purposes there must be evidence in the record of the valuation of the property assessed to an amount necessary to support the assessment.

2. Upon *certiorari* of a tax assessment to the Supreme Court, power is given to that court under section 11 of the *Certiorari* act of 1903 (1 *N. J. Comp. Stat.*, *p.* 405) to review and determine disputed questions of fact, as well as of law.

3. Where the Supreme Court has failed to weigh the evidence upon *certiorari* and to render such a decision as it thought proper according to the view it entertained of the evidence, the case will be remanded by this court to the Supreme Court for the purpose of having determined the disputed questions of fact.

On appeal from the Supreme Court, whose *per curiam* is printed in 2 *N. J. Mis. R.* 952.

For the appellant, *Bleakly, Stockwell & Burling*.

For the respondents, *Francis D. Weaver*.

The opinion of the court was delivered by

KATZENBACH, J. This is an appeal from an order of the Supreme Court affirming the action of the state board of taxes and assessment in fixing, for taxing purposes, the valuation of a tract of land in Clementon township, in the county of Camden. The local assessor, about October 1st, 1922, assessed the land for the year 1923 at the sum of $4,500. The Camden county board of taxation increased the assessment to $65,000. The landowner then appealed to the state board of taxes and assessment which affirmed the action of the Camden county board of taxation. A writ of *certiorari* to review the action of the state board was allowed. The Supreme Court, as stated, affirmed the action of the state board.

The place is an amusement park known as "Clementon Park Tract." It consists of buildings, amusement devices, boats and other accompaniments of a park of this character. The buildings, &c., are of considerable value but are not included in the valuation. They were separately assessed. The valuation under consideration deals with the land and water of the park exclusive of improvements. There was a dispute over the acreage. The state board claimed that there was thirty-

three acres. The local assessor assessed twenty acres. The Supreme Court, in its decision, did not attempt to analyze the evidence. It stated that "there was ample evidence on which the judgments of these boards are based. We cannot, therefore, disturb the valuation so ascertained and fixed." Our examination of the evidence leads us to an opposite result. We find in the record no evidence which justifies the placing of an assessment of $65,000 upon the appellant's lands.

The park was rented by the appellant to the Clementon Park Association on a long term for $4,000 per year. This rental included a dance floor, restaurant, moving picture theatre, shooting gallery, carousal, boat house, one hundred boats, in addition to the land. The Clementon Park Association leased the property to Myer Michelson for $8,400 per year, retaining the boats, boat house and a strip of land. Later, the boats, boat house and strip of land were sublet to Michelson by the association for the further sum of $5,000 per year, which made the rental paid by Michelson $13,400. The appellant claims that this rental was the sole basis of the increased valuation, and was the only evidence upon which the state board affirmed the increase of valuation from $4,500 to $65,000. While the judgment of the state board states it is based upon the finding that there was thirty-three acres, and not twenty acres, yet from a reading of the testimony it seems that the state board had taken into consideration the rental of $13,400, and had failed to take into account this rental was an entire sum paid by a subtenant for the park, complete, including the buildings and amusement devices, which were separately assessed. There was no attempt to apportion the rental between the land and other property. The rental paid by Michelson was not a proper yard stick for assessing the value of the appellant's lands. It was not paid to the appellant. It was an income return upon all the property, real and personal, of the amusement park. Income is only an element to be taken into consideration where a property is so situated that the yearly rental reflects its true value. It is no criterion for an assessor in making a

valuation for the purpose of taxation. It is no standard by which to assess land upon which is located an amusement park. Amusement parks depend for their income upon patrons. Patrons of these classes of amusements are fickle. They soon tire of old amusements. When a new playground, with new attractions, is opened they desert the old and flock to the new to try the new thrills which it has to offer. There was no justification in using the income of the property as a basis for assessment.

The highest value placed upon the land which we can find in the testimony is $20,000. We think there was no evidence before the state board, and, consequently, none before the Supreme Court, which justified and supported a valuation of $65,000. But, assuming that there was, it was then the duty of the Supreme Court to weigh the evidence upon *certiorari,* and to render such a decision as it thought proper according to the view it entertained of the evidence. *Royal Manufacturing Co.* v. *Rahway,* 75 *N. J. L.* 416; *Millville Water Co.* v. *City of Millville,* 84 *Id.* 411. Under section 11 of the *Certiorari* act of 1903 (*Comp. Stat., p.* 405), power is given to the Supreme Court to determine disputed questions of fact, as well as law. The Supreme Court did not determine any question of fact as appears from the language of its opinion above quoted. The testimony taken in the case should, in our opinion, be reviewed. The case will therefore be remanded to the Supreme Court, with the direction that it determine the disputed questions of fact.

*For affirmance*—THE CHANCELLOR, VAN BUSKIRK, MC-GLENNON, JJ.  3.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, KATZENBACH, LLOYD, WHITE, GARDNER, CLARK, KAYS, JJ. 9.