## THE TRUSTEES OF STEVENS INSTITUTE OF TECHNOLOGY, PROSECUTOR, v. STATE BOARD OF TAXES AND ASSESSMENT ET AL., DEFENDANTS.

Argued October 3, 1928—Decided October 18, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutor, *Wall, Haight, Carey & Hartpence.*

For the defendants, *Horace L. Allen.*

The opinion of the court was delivered by

BLACK, J.   The *certiorari* in this case was allowed to review the taxes assessed against seven pieces of land, approximately eighteen and ninety-four hundredths acres, owned by the prosecutor, located in the city of Hoboken.   The assessment was for the year 1927, aggregating $963,500.   The only point involved in the case is one of fact, viz., the true value of the property, on the date fixed by the statute for making the valuations, viz., October 1st, 1926.

The statute (*Pamph. L.* 1918, *p.* 870, § 512) permits the court, when it shall appear to the satisfaction of the court, "that the value of taxable property, for which any person is therein assessed, is too great," &c., "to amend such assessment and reduce the same to the proper and just amount." As stated by this court in the case of *Millville Gas Light Co.* v. *City of Millville,* 84 *N. J. L.* 409, the practical proposition is that this court is asked to reweigh and pass upon the effect of evidence taken before a body specially organized for this very purpose, and to set aside its action, as not justified by the weight of evidence.

There is nothing to show that the state board (board of equalization in that case) has not carefully discharged the duties imposed upon it by law, and its findings should not be disturbed unless they are manifestly erroneous.   It is settled that the Supreme Court has power to review and determine disputed questions of fact, as well as of law.   *Gibbs* v. *State Board of Taxes and Assessment,* 101 *N. J. L.* 371.   The Supreme Court should weigh the evidence and render such a decision as it thought proper according to the view it entertained of the evidence.   *Ibid.*

For that purpose we proceed to review the evidence presented in the record.   As above stated, the property assessed consists of seven pieces of property described as follows: Plots U V and W, block 228, new lot 30.   Plots 27, 33, 35, 31,

4 and 5, eighteen and ninety-four hundredths acres, assessed at $963,500 for the taxable year 1927.

This, in the table annexed to the record, is calculated to be at the rate of $1.17 per square foot, as against thirty-three cents per square foot for the year 1926. In an acre of land there are seventeen lots twenty-five by one hundred feet. The number of lots in an acre multiplied by eighteen, the number of acres conceded to be in the plots, equals three hundred and six lots. This would be at the rate of $3,147.22 per lot, as against an assessment of $825 per lot for the year 1926.

Property to be assessed, whatever may be its character, is to be taken and valued in the actual condition in which the owner holds it. *Colwell* v. *Abbott, 42 N. J. L.* 111, 115.

The prosecutor called as witnesses, to prove the value contended for by it, C. Alfred Burrhorn, a real estate agent "for the last twenty-five years," located at Hoboken, New Jersey. The value of his testimony was somewhat impaired on cross-examination by a reference to a sale of Keller to Ferguson on April 25th, 1928, on the south side of Ninth street, directly west and adjoining plot five involved in this case and the sale made by Besson on March 22d, 1922, of property located on the north side of Ninth street across the way from the Ferguson property.

Walter L. Kidde, one of the trustees of the prosecutor, explained why the trustees of Stevens Institute of Technology paid $350,000 for plots four and five involved in this case, by stating "the trustees thought it necessary to buy this property irrespective of what they had to pay for it." "We had to pay what I consider was a nuisance value." Edward McDermott, a real estate agent and practical architect for thirty-five years, located in the city of Union City, New Jersey, valued the property at $260,900. He took the entire plottage under appeal, eighteen and ninety-four hundredths acres, reduced it to an average value at the rate of $14,366 per acre. His valuation is based upon lot development.

The witnesses called by the defendants were J. W. Rufus Besson, one of the grantors in the deed to the trustees of Stevens Institute of Technology, dated April 29th, 1927, of

plots four and five; the consideration paid was $350,000 as therein stated. These two plots of land were assessed at $323,200 without the buildings.

Henry Frank, an appraiser of land in the city of Hoboken for about twenty years, and in the real estate business about twenty years. He testified that in comparison with plots four and five, the other plots are more desirable. Plot B, plot U, V and W. They have access to River street and is in a prominent location in Hoboken for apartment house sites. The value of his testimony was somewhat impaired, when it was shown there was no access to River street, since there was an intermediate owner. Plots four and five are worth $1.20 a square foot. Plots U, V and W, new lot No. 30, are worth $1.50 a square foot. Plot twenty-seven is worth $1.50 a square foot as of October 1st, 1926. Plot thirty-three is worth $1.50 per square foot. Plot thirty-one is worth $1.20 per square foot. Plot thirty-five is worth one dollar per square foot.

Wm. F. Burch, a licensed civil engineer, engineer to the board of assessors, also testified, he prepared the map according to scale showing the number of square feet in the various plots, and the assessed valuations, as well as the rate of the assessed valuation per square foot. *Exhibit P 2* and *Exhibit P 4*. A review of this testimony shows the usual wide variation by experts in valuation of real estate, especially is this so when the property to be valued has some exceptional conditions, such as location, size, suroundings and the like.

We cannot say that the judgment of the state board of taxes and assessment is not supported by the evidence in the record, or that the judgment is not justified by the evidence, or that it is without evidence. Having weighed the evidence, we think a proper decision according to the view entertained by us of the evidence is that the judgment of the state board of taxes and assessment should be affirmed. It should be said, however, that the price paid for plots four and five, viz., $350,000, include buildings which by a written stipulation are assessed at $62,000. This, added to the land assessment of $323,200, makes the entire assessment $385,200, the purchase

price $350,000 and the excess of purchase price $35,200. The full and fair value contemplated by the statute (*Pamph. L.* 1918, *p.* 859; 1927, *p.* 577, § 401 (1), is such price "such parcel of land would sell for at a fair and *bona fide* sale by private contract on the first day of October," &c. This excess valuation of $35,200 should be remitted. It is but fair to the state board of taxes and assessment to add that this point does not seem to have been brought to the attention of the state board.

A rule may be entered according to the view herein expressed.