CITY OF NEWARK, PROSECUTOR, v. ESTHER TIMER AND STATE BOARD OF TAX APPEALS, RESPONDENTS.

Argued May 3, 1933—Decided January 17, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the prosecutor, *Frank A. Boettner* (*Louis A. Fast,* of counsel).

For the respondent property owner, *Herbert H. Hannoch* and *Joseph P. Lippman.*

PER CURIAM.

This writ of *certiorari* brings up for review the action of the state board of tax appeals which affirmed the action of the Essex county tax board in reducing from $42,000 to $28,000 the assessment levied by the city of Newark on the property of Esther Timer, for the year 1932.

The respondent Esther Timer was on October 1st, 1931, the owner of a parcel of real estate in Newark, and commonly known as No. 667-669 High street. This parcel of land, on that assessing date, was improved by a four-story apartment house twenty-seven years old, containing several apartments. The city assessed this parcel for the taxing year of 1932 at $42,000, dividing the assessment into land $8,000, and improvements $34,000.

The property owner, pursuant to the statute, appealed to the Essex county tax board from the assessment *on the im-*

*provement. No appeal was taken from the assessment against land.*

After a hearing before the county board, that body reduced the assessment on the building from $34,000 to $20,000, leaving the land assessment undisturbed (*there being no appeal as to land*), thus making a total assessment on land and improvements of $28,000.

The city appealed from that judgment to the state board. Its petition of appeal stated:

"Your petitioner therefore prays that the said reduced assessment of Land, $8,000; Impt., $20,000; Pers. $——; total $28,000; for the year 1932, be increased to the true value or valuation, to wit: Land, $8,000; Impt., $34,000; Pers. ——; Total $42,000."

It will thus be seen that *the assessment against the land was at no time questioned* by either the property owner or the city, the sole question before the various appeal bodies being the assessment against the improvement.

The only witness produced before the state board on appeal was a real estate expert offered on behalf of the city. He was asked the following question: "*Q*. What, in your opinion, was the true value of the premises located at 667-9 High street, Newark, New Jersey?"

This question was objected to by the property owner on the ground that the only issue before the state board was whether the assessment on the *improvement* (not land) was right, and that, therefore, the value of land *and* building as a unit was immaterial. This objection was sustained.

No further proof was submitted by the city, and in particular no proof was offered by it as to the value of the improvement. There being no proof submitted by the city, the state board affirmed the action of the county board and dismissed the appeal.

It is that judgment which is brought up for review.

The only question presented will now be considered.

We think that where, as here, the state board has by rule directed the division of the assessment into land and improvements as set forth in section 401 of General Tax act (*Pamph.*

*L.* 1927, *p.* 576), and accordingly the land and the improvements thereon were separately assessed, it was not erroneous for the state board to exclude testimony as to the value of *land and building* in one lump figure in a proceeding in which no appeal had been taken by either party with respect to the assessment against the *land,* and where the sole question on appeal was the value of the *improvement.*

In order to properly consider the question involved, it is necessary that pertinent provisions of our state constitution and of the General Tax act of 1918, and amendments thereto in effect at the time, be considered.

Article 4, section 7, paragraph 12 of our state constitution provides:

"The property shall be assessed for taxes under general laws and by uniform rules, according to its true value."

Paragraph 202 of article 2 of the General Tax act (*Pamph. L.* 1918, *p.* 848) provides:

"All property, real and personal, within the jurisdiction of this state, not expressly exempted by this act or excluded from its operation, shall be subject to taxation annually under this act at its true value, and shall be valued by the assessors of the respective taxing districts.   *   *   *   All property shall be assessed to the owners thereof with reference to the amount owned on the first day of October in each year   *   *   *."

Paragraph 401, of article 4, of the General Tax act, as amended (*Pamph. L.* 1927, *p.* 576), provides:

"The assessor shall ascertain the names of the owners of all real property situated in his taxing district, and shall, after examination and inquiry, determine the full and fair value of each parcel of real property situated in the taxing district at such price as, in his judgment, such parcel would sell for at a fair and *bona fide* sale by private contract on the first day of October next preceding the date on which the assessor shall complete his assessments   *   *   *   and said assessor shall make a list in tabular form of the names of the owners, and set down in proper column opposite each name the description and area of each parcel sufficient to ascertain its location and extent and the value of each parcel as determined

by the assessor. * * * In listing the names of owners and properties the assessor shall follow such forms and methods as may be prescribed by the state board of taxes and assessment, and *said board may by rule direct the assessor in any taxing district to determine the true value of each parcel of real estate assessed by him without the building and improvements and to note the same on the list, and to determine and note separately the true value of every building and other structure on each parcel, and add and carry out the same as the assessed value of the parcel, and in such case the receipt given for the payment of the tax shall contain such separate valuations. * * *.*"

The state board did by rule direct the division of assessments into land and improvements as set forth in the section of the Tax act last quoted, and pursuant to such direction, the city of Newark did determine and note the true value of respondent's property by assessing the land without improvements at $8,000, and the improvement thereon at $34,000, making a total assessment of $42,000.

It seems to be apparent that one of the objects sought to be attained by the statute and state board rule was to make it more readily appear that there had been a compliance with the constitutional requirement of taxation "by uniform rules according to its true value," for if, as here, the land is assessed as one item, and the improvement thereon as another item, it would be easy to ascertain if uniformity in assessment had been had. If, as a result of such division of assessment into units, an inequality in assessment appeared, the property owner discriminated against could exercise the remedy afforded him by the General Tax act by applying for an equalization of assessment, under powers vested in the county tax board. And it will be noticed that if the testimony here in question were permitted, the city would thus be permitted to establish the validity of the assessment upon an entirely different basis than that adopted by the assessing authorities, and by so doing would prejudice the property owner.

But it is quite apparent that at least one object of the statute and rule was to clarify and simplify appeals before the

county and state boards. If, as in the instant case, the property owner is satisfied with the assessment against his land, but feels that the assessment against the improvements thereon is too high, he is not compelled to appeal from the assessment against the land, but does appeal from the assessment upon the improvement. In this way the issues before the appellate body are much confined.

In the present instance, as we have pointed out, the sole question before the county and state boards was the propriety of the assessment on the improvements. The city in its petition of appeal did not state that the action of the county board respecting the assessment against land was improper. On the contrary, the city in its appeal simply stated that the action of the county board in reducing the improvement assessment from $34,000 to $20,000 was improper. That, and that alone, was the sole question before the state board.

As was stated by the state board in the opinion of its president, the board's jurisdiction was limited to the issue presented by the petition of appeal, and the proof was necessarily confined to that issue, and failure to enforce such a rule would lead to a multiplicity of immaterial issues and would impede orderly administration of the board's duties.

Since, then, the sole question before the state board was the true value of the *improvement* on the assessing date, it was not erroneous to exclude testimony as to the value of the *land and building* in one lump sum. And, since there was no proof of any character as to value of improvements submitted to the state board, that board properly dismissed the appeal and affirmed the action of the county board.

The judgment will be affirmed.