MAX L. STEGMAN, PROSECUTOR, v. CIVIL SERVICE COMMISSION ET AL., DEFENDANTS.

Argued October 3, 1935—Decided February 6, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the prosecutor, *Spaulding Frazer*.

For the defendants, *Frank A. Boettner* and *Jules E. Tepper*.

PER CURIAM.

Prosecutor was tried for absence without leave on November 17th, 18th and 19th, 1932, from his position as executive clerk in the department of parks and public property of the city of Newark. The trial took place on June 18th, 1935, before the then director of parks and public property. The delay, or the cause thereof, is not important to a determination of the case. The director found prosecutor guilty and dismissed him from his position. The civil service commission sustained the order of dismissal.

The first point urged by prosecutor is that the evidence does not support the order of the civil service commission. The statute, section 11, 1 *Comp. Stat., p.* 405, placing upon this court the duty of weighing the evidence and rendering such decision as seems proper according to the evidence (*Gibbs* v. *State Board of Taxes,* 101 *N. J. L.* 371; 129 *Atl. Rep.* 189; *Stevens Institute* v. *State Board, &c.,* 105 *N. J. L.* 99; 143

*All. Rep.* 356), we have accordingly weighed the evidence and conclude that the judgment of the civil service commission thereon, that the prosecutor absented himself without permission and was guilty as charged, should be affirmed.

The next point argued is that the prosecutor was not tried within the time contemplated by the statute. The commission found that "as a matter of fact, the appellant apparently subscribed willingly to this delay, he having made no protest to the delayed action." We find this conclusion supported by the testimony. Indeed, counsel for prosecutor asserted at the hearing that his absence from duty after the original suspension "was not a suspension but a leave of absence, as the records will show."

The next point is that there was an arbitrary exercise of power in ordering dismissal, because the penalty was out of proportion to the offense. If prosecutor was guilty of absence without leave, as charged, there appears no power in the civil service commission to substitute its judgment "for that of the departmental head, upon whom, in the final analysis, rests the responsibility of sedulously maintaining departmental morale and discipline and adequate standards of service." *Newark* v. *Civil Service Commission et al.,* 115 *N. J. L.* 26; 177 *Atl. Rep.* 868.

We conclude that the judgment under review is supported by the record, and the writ is discharged, with costs.