FRANK KOCH, PROSECUTOR, v. CITY OF JERSEY CITY AND STATE BOARD OF TAX APPEALS, DEFENDANTS.

Submitted January 19, 1937—Decided April 16, 1937.

Before Justices PARKER, LLOYD and DONGES.

For the prosecutor, *Herbert Clark Gilson.*

For the defendants, *Joseph C. Glavin.*

The opinion of the court was delivered by

PARKER, J. The prosecutor appealed the tax valuations for 1934 on several pieces of real estate in Jersey City. The county board affirmed the assessments, and there were further appeals to the state board. Testimony was taken before Commissioner Parkinson of the state board, and returned to that board, which entered judgments that the several assessments be confirmed and the appeals dismissed. Six writs of *certiorari* were allowed, and all six cases were consolidated for the purpose of argument. One seems to be abandoned, but the others are argued on brief. A single case will indicate the points applicable to all.

Lot 22 E in Block 1825 was valued for taxation as follows: Land, $4,700, improvements, $4,100; total, $8,800. The same method, with different amounts, was used as to the other four properties.

At the hearing before the commissioner, prosecutor called a real estate expert, who proceeded to place on the above lot a land value of $2,200 as of the taxing date. This was objected to on the ground that any valuation should be in a lump sum for the whole. Prosecutor claimed the right to produce evidence separately as to land and then as to improvements (or *vice versa*). The commissioner excluded any separation of the items in this regard as incompetent, and exception was entered. To shorten the hearing, the same ruling was entered in a general way as to the other properties over an offer to prove, and exception formally entered, though perhaps unnecessarily.

We consider that these rulings were erroneous. The Tax act at least since 1903 has provided that "the state board of taxation may by rule direct the assessor in any taxing district to determine the true value of each parcel of real estate assessed by him without the buildings and improvements and to note the same on his list, and to determine and note separately the true value of every building and other structure on each parcel, and add and carry out the same as the assessed value of the parcel, and in such case the receipt given for the payment of the tax shall contain such separate valuations

\* \* \*." *Comp. Stat.*, p. 5087, § 7; *Pamph. L.* 1918, p. 847, § 401 (at p. 860); *Pamph. L.* 1921, pp. 902, 903; *Pamph. L.* 1927, pp. 576, 577; *Pamph. L.* 1932, pp. 309, 310. A rule by the board of equalization of taxes (predecessor of the present board) adopted in 1905, and following the language of the statute as quoted above, appears as an exhibit in this case. It is common knowledge that throughout the state, valuations of real property are ascertained by valuing land and improvements separately and adding them for a total valuation; and tax bills rendered and paid accordingly. If this is universal daily practice in making tax assessments, we are quite unable to see why those assessments even if questioned as totals, may not be tested by the same method, *i. e.*, of inquiry into the elements of the total.

The commissioner, in excluding the proffered testimony, relied on the case of *Newark* v. *Timer,* reported unofficially in 12 *N. J. Mis. R.* 125; 170 *Atl. Rep.* 37. In that case the owner appealed only the valuation of the building, and secured a reduction on that from $34,000 to $20,000, which (as stated in the opinion) cut down the total from $42,000 to $28,000, the land valuation of $8,000 being unchallenged. The propriety of such a separate appeal was not questioned, and indeed the precise point decided in this court was that expert testimony of a general total valuation was incompetent in such case. The plain implication of the decision is that appeals may be taken separately on land and buildings and each of the two items considered on its merits. In fact this was done in the present cases, and as we understand the matter, on the printed forms supplied by the board, which append footnotes in fine print, giving instructions about filling blanks, &c. Continuing with lot 22 E as a sample case, we find the petition states, following the form, the city valuation to be, land, $4,700; improvement, $4,100; personal, blank; total, $8,800; and asks that it be reduced to: land, $3,250; improvement, $2,500; personal, blank, total, $5,750. The records in the other cases are the same in form, with different amounts. They show, therefore, in each case (except a vacant lot) an appeal on land valuation, and an appeal on improvement

valuation, either or both affecting the resultant total. If appellants are allowed, as we think they should be, and as the Timer case intimates, to appeal land and building valuations separately on the record, they must be allowed to prove their challenges separately. It may be that where both are challenged in one appeal, testimony as to total value is permissible. This seems to be assumed in the Timer case, but the point is not now before us and we do not pass on it. We hold, however, that it was error to exclude the testimony as to separate land valuation, and for this the judgment of the state board must be set aside and the cases remanded for further hearing in consonance with these views.

One or two minor points require brief notice. Prosecutor undertook in one case to abandon his appeal on the "improvements" item and continue it as to the land. We think that he was entitled to do so, but it is correctly pointed out that he abandoned the application, so the point is not strictly before us.

The commissioner excluded the tax records of the properties from 1920 to 1933. We think the "tax history" of the properties for a reasonable antecedent period was competent. This was assumed *sub silentio* by this court in *Cedar Grove* v. *Board*, 12 *N. J. Mis. R.* 367.

Depositions as to valuations were taken under these writs. They tend to support the claims of prosecutor, but it seems unnecessary to deal with them further than to say that as the appeals were tried on a wrong theory and were disposed of substantially as nonsuits, there should be rehearings based on proper evidence for both the owner and the city. To that end the judgments of the state board under review will be set aside, with costs, as against the city of Jersey City.