STATE BOARD OF TAX APPEALS.

THEODORE SCHETTY, PETITIONER, v. CITY OF JERSEY CITY, RESPONDENT.

Decided January 9, 1940.

For the petitioner, *Carey & Lane* (by *Herman Klausner*).

For the respondent, *Frank P. McCarthy*.

QUINN, President. The appeal herein affects two parcels of property in the city of Jersey City, assessed for the year 1938 at $1,800 for land and $2,000 for improvements, as to 135 Leonard street, and $1,800 for land and $9,000 for improvements, as to 133 Leonard street. Upon respondent's case two experts were called as witnesses, one to testify as to the land and the other as to improvements. The land expert, in response to a question as to what a willing buyer would pay to a willing seller for the land, testified to a value of $2,000 for each of the lots in question. The testimony of the building expert was to the effect that the "sound value" of the buildings, arrived at by determining reconstruction cost upon a cubical content basis and subtracting depreciation, was $6,850 and $10,200, respectively.

Cross-examination of the land witness developed the fact that his determination was made upon a front foot basis, with no regard for the nature or rental income of the buildings. Cross-examination of the building expert revealed that no opinion had been formed by him as to what the building would bring at a fair and *bona fide* sale between a ready and willing buyer and seller as of the assessing date, nor as to what the rental income of the building was. In this state of the proofs, petitioner has moved to strike the testimony of the witnesses referred to, as failing to reflect the true value of the property, under the applicable statutes and judicial decisions.

*Pamph. L.* 1918, *ch.* 236, § 401 (1) (*R. S.* 54:4-23) requires that the assessment of real property shall be at a value equal to the price at which the particular parcel would sell for at a fair and *bona fide* sale by private contract upon the assessing date. This legislative mandate to the local assessors has repeatedly been affirmed as the true criterion for the determination of true value in appeals from tax assessments before tax appeal boards and the courts. *New Jersey Bell Telephone Co.* v. *Newark (Supreme Court, 1937)*, 118 *N. J. L.* 490; 193 *Atl. Rep.* 844; *New Jersey Bell Telephone Co.* v. *Camden (Supreme Court, 1939)*, 122 *N. J. L.* 270; *Turnley v. City of Elizabeth (Supreme Court, 1908)*, 76 *Id.* 42; 68 *Atl. Rep.* 1094. Testimony which is based exclusively upon reproduction cost, and disregards selling price,

carries but little weight. *Id.* The testimony of respondent's witness upon valuation of improvements is, for this reason, standing alone, of little probative force, not having been adduced in support or corroboration of the opinion of the witness as to the fair sale price of the property. See *The Colonial Life Insurance Company of America* v. *City of Jersey City (State Board)*, opinion filed simultaneously herewith. The case of *Koch* v. *City of Jersey City (Supreme Court, 1937)*, 118 *N. J. L.* 85; 191 *Atl. Rep.* 558, relied upon by respondent, is not to the contrary. That decision merely adjudicates the propriety of testimony directed to land value alone, or improvement value alone, despite the fact that the proceedings consist of an appeal upon both land and building. Nothing therein contained affects the continued soundness of the fundamental principle that such testimony is not persuasive unless directed to the operative factor of fair sale price, whether of land or building. The itemization of land and building values separately, is, of course, only intermediate to the final inquiry as to the taxable value of the property as a whole, and not as ultimate determinations.

The testimony of the land expert is not subject to the objection noted in the motion. The witness did testify to fair sale value. His disregard for the rental income of the entire premises does not render his testimony incompetent but may affect its weight. Rentals of land and building together are evidential, in any event, only where calculated to reflect true present value, and where the witness is testifying to the value of land and building in the entirety. Where the value of one or the other alone is in issue, gross rentals must be apportioned by the witness. See *Gibbs* v. *State Board (Court of Errors and Appeals, 1925)*, 101 *N. J. L.* 371; 129 *Atl. Rep.* 189; *City of Hoboken* v. *Hoboken Land and Improvement Co. (State Board)*, filed June 7th, 1938.

The motion before us must be denied in its entirety, however. The testimony of the expert on improvements, while of little probative force in and of itself, is not incompetent. *New Jersey Bell Telephone Co.* v. *Camden (Supreme Court, 1939)*, 122 *N. J. L.* 270, 276; 4 *Atl. Rep.* (2d) 705. That of the land expert is certainly evidential. On the basis of

all of the testimony and of an inspection of the premises made for the board, we determine the true value of the premises as of the assessing date to be: 135 Leonard street, $3,300, allocated as follows, land, $1,800, improvements, $1,500; 133 Leonard street, $7,300, allocated as follows, land, $1,800, improvements, $5,500.

Judgment accordingly.