STATE BOARD OF TAX APPEALS.

THE COLONIAL LIFE INSURANCE COMPANY OF AMERICA, PETITIONER, v. CITY OF JERSEY CITY, RESPONDENT.

CITY OF JERSEY CITY, PETITIONER, v. THE COLONIAL LIFE INSURANCE COMPANY OF AMERICA, RESPONDENT.

Decided January 9, 1940.

For the Colonial Life Insurance Company of America, *William R. Gannon.*

For the city of Jersey City, *James A. Hamill* (by *Frank P. McCarthy*).

Quinn, President. The Colonial Life Insurance Company of America was the owner on October 1st, 1936, of a brick garage building property in the city of Jersey City which was assessed for taxes for the year 1937 in the sum of $60,400, being $7,600 on land and $52,800 on the improvement. An appeal from the assessment to the Hudson County Board of Taxation resulted in a reduction of the building valuation to the extent of $12,500 and an affirmance of the land valuation, making a total assessment as reduced of $47,900.· Both taxpayer and taxing district appealed from the county board judgment, the former for a reduction on land and a further reduction on improvements, and the city for restoration of the assessment to the figures originally set by its assessing authorities.

Testimony was taken for this board by one of the commissioners sitting alone (*Pamph. L.* 1905, *ch.* 67, § 2; *R. S.* 54:2-18), in the course of which counsel for the taxpayer raised, and has argued before the board, as a whole, on motion, several matters of law, which we herewith consider *seriatim*.

The taxpayer first moves for the dismissal of the petition of the city on the ground that it does not in form conform to the rules of this board in effect at the time of its filing, and, in particular, to rule 7 which required that "all appeals to the board shall be by petition in writing, shortly and definitely setting forth the nature of the complaint and the relief desired." The questioned petition recites the ownership and description of the property under appeal, the amount of assessment made upon land and building by the assessors, and the appeal to the county board, together with the determination arrived at by that tribunal. There follows the recital, "at which action, determination and judgment, in reducing said assessment, your petitioner is aggrieved because the said judgment is illegal and void for the following reasons:" and a listing of six printed grounds of appeal. The first of these reads, "1. The assessment has been reduced to less than the true value of the property." The other grounds are obviously inapplicable to the present appeal, and, according to counsel for the taxpayer, were apparently printed into the form in order to meet a situation presented in other cases

where the county board had failed to afford the city notice of hearing, and for the purpose of laying the groundwork for possible *certiorari* proceedings. We are satisfied that there was no intention on the part of the city deliberately to disregard the requirements of rule 7, *supra,* and that the taxpayer has in nowise suffered harm or prejudice in the prosecution of its case as a result of the form of the city's petition. The rule in question not being jurisdictional, we are free to relax its operation under the peculiar circumstances of the case, in order to prevent the working of prejudice to the interests of a taxing district. *City of Garfield* v. *Forstmann Woolen Co. (State Board)*, filed September 12th, 1939. We may properly treat the extraneous matter in the petition as surplusage and direct our attention to the operative prayer of the petition, "that the assessment for the year 1937 be restored to the true value of the property, as assessed by the assessors of Jersey City as aforesaid."

The taxpayer further moves for judgment pursuant to the prayer of its petition and to dismiss the appeal of the city on the merits, contending that the testimony adduced on behalf of the taxing district does not, under the controlling statutes, tend to establish the true value of the property under appeal. In this connection the argument proceeds upon the preliminary contention that the city was precluded from confining its appeal to this board from the county board judgment, to the issue as to the true value of the improvement, since both the original appeal by the taxpayer to the county board and its present appeal raise issues with respect to the valuation of both land and building. The city's procedure, it is maintained, is an unjustifiable attempt "to convert the proceeding essentially from a land and building appeal to a building appeal only." It appears to us, however, that the course taken by the taxing district is unexceptionable. Under *Pamph. L.* 1906, *ch.* 120, § 10 (*R. S.* 54:4-35), "any action or determination of a county board of taxation may be appealed for review to the State Board of Tax Appeals." In the present situation the county board had responded to a taxpayer's appeal on both land and improvements valuations

with a determination which left the land valuation intact and reduced only the assessment on the building. Obviously the taxing district was justified in considering itself aggrieved to the extent of the reduction of the building valuation only, and warranted in limiting its appeal to this board to that issue. In doing so it did not prejudice the taxpayer's prosecution of its own appeal with respect both to land and building or modify the *quantum* or character of proof incumbent upon it to produce in meeting that appeal, as counsel for taxpayer suggests may be the case if the city's appeal is entertained in its present form.

With respect to the argument made by the taxpayer as to the insufficiency of the proofs offered by the city, the record shows the following. The city called one witness who testified to a value for the land, if vacant, of $15,700, based upon an analysis of a sale of property across the street from the *locus in quo* in 1931, and another witness who estimated the sound value of the improvements at $59,440 by determining the reproduction cost new and allowing for depreciation and obsolescence. The second witness testified in both the city's appeal and that of the taxpayer, and the land expert only in defense against the taxpayer's land appeal. The city, however, offered no proof whatsoever bearing directly on the true value of the parcel taken as a whole (land and improvements together), and the taxpayer's main contention upon this motion is that the city's case is, in this regard, fatally defective. We think not. While we agree with the taxpayer that the ultimate *desideratum* under our tax statutes in valuation cases is the actual or hypothetical sale price of the entire parcel of realty in question as a unit, between a willing buyer and seller, at a *bona fide* sale (see *Turnley* v. *Elizabeth* (*Supreme Court,* 1908), 76 *N. J. L.* 42; 68 *Atl. Rep.* 1094), yet we must bow to the authority of our Supreme Court, which has held that where both land and building are under appeal, it is proper to establish the operative fact of the true value of the entire parcel by the summation of separately arrived at valuations for the land, as if vacant, and for the improvements alone. *Koch* v. *City of Jersey City (Supreme*

*Court,* 1937), 118 *N. J. L.* 85; 191 *Atl. Rep.* 558; *affirmed,* (*Court of Errors and Appeals,* 1938), 119 *N. J. L.* 432; 179 *Atl. Rep.* 275.

Nothing is said in or to be implied from the *Koch* case, however, by way of endorsement of the persuasiveness or probative force of the summation method of proof there considered. All established and scientific real estate appraisal thought is in the other direction. *Babcock, The Appraisal of Real Estate* (1927), is to the following effect (at *p.* 102):

"The process of computing values of properties by adding separately computed values of land and building is rarely the correct [sound] procedure. Ordinarily the computation process should involve first the computation of a total value."

The author goes on to indicate that the summation method is particularly faulty when applied to income producing property (as in the present case) since such properties owe their selling value to a capitalization of income which may represent an "improved value," resulting from the combination of the land and its improvement, over and above the sum of the value of the land, vacant, and the reproduction cost of the building depreciated. *Babcock, supra, p.* 103.

Nothing in the statutory directions for the assessment of real property in the first instance appears to be inconsistent with the authoritative position cited above. Under *Pamph. L.* 1918, *ch.* 236, § 401 (1) (*R. S.* 54:4-23), the local assessor is directed to ascertain the full and fair value of each parcel of real property situate in the taxing district, "at such price as, in his judgment, it would sell for at a fair and *bona fide* sale by private contract * * *." The word, "parcel," as here employed, obviously means a unit of land, together with its concomitant improvements, if any. If the criterion of selling price is to be accorded any realistic significance, there is no basis for any construction of the statute to the effect that the assessor is directed to ascertain the selling price of the land as if vacant, where actually improved, and to add to it some supposed, though obviously unthinkable selling price of the building detached from the land and the location. See *Turnley* v. *Elizabeth, supra* (at *p.* 44).

While it is true that assessors are, and for many years past have been directed under rule sanctioned by statute, to apportion the true value of each entire parcel of realty between land and building for listing purposes (*Pamph. L.* 1918, *ch.* 236, § 401 (1); *R. S.* 54:4-26), and in order to foster uniformity of valuations (*City of Newark* v. *Timer* (*Supreme Court,* 1934), 12 *N. J. Mis. R.* 125 (at *p.* 127); 170 *Atl. Rep.* 37), it is entirely feasible to make such apportionment on the basis of the true value of the entire parcel, be that greater or less than the sum of the value of the land unimproved and the reproduction cost of the building conventionally depreciated, depending upon whether the improvement is an economic one or otherwise, and giving the proper credit or discount accordingly, as the case may be, to land and building. *Babcock, supra, pp.* 175, 176, 181 *et seq.*

The foregoing should suffice to indicate that the method of proof adopted by the city in the instant case, while not subject to commendation from the standpoint of probative force, in the absence of such proof of the selling value of the parcel as an entirety as would tend to corroborate the separately arrived at conclusions of the land and building experts taken together, is nevertheless sufficient under controlling precedents, to constitute *some* evidence of the selling value of the parcel as an entirety, and to dictate a denial of the taxpayer's motion so far as directed to the sufficiency of the city's proof, *prima facie.*

Our attention is finally directed by taxpayer to the refusal of the commissioner who sat at the hearing to allow taxpayer's witness to state what rental income of the property he took into consideration in arriving at his conclusion as to the true value of the parcel. We have heretofore expressed the view that evidence of rentals as an index of value may ordinarily be received in evidence, but must be considered with caution. *State, Hurd* v. *Cook* (*Supreme Court,* 1897), 60 *N. J. L.* 70; 36 *Atl. Rep.* 892; *State, Keeler* v. *Tindall* (*Supreme Court,* 1872), 36 *N. J. L.* 97, 100; *City of Hoboken* v. *Hoboken Land and Improvement Co.* (*State Board*), June 7th, 1938. It is held, for example, that where

the assessment of land is in issue, the rental income of land, improvements and equipment leased together is not evidential unless apportioned. *Gibbs* v. *State Board* (*Court of Errors and Appeals,* 1925), 101 *N. J. L.* 371; 129 *Atl. Rep.* 189. Income is an element to be taken into consideration only where the yearly rental is calculated to reflect the true value of the property, and not, therefore, where the source of income is from an unstable and fleeting type of industry. *Id.* In the present case, however, the property is a commercial garage building, in use for the precise purpose for which it was built. Net return is, in the case of such property, a basic factor in determining its value to a prospective purchaser and should therefore be taken into consideration, along with other indicia of value, in determining the statutory true value of the property.

As was well stated by the court of last resort of Connecticut in *Somers* v. *City of Meriden* (*Supreme Court,* 1934), 119 *Conn.* 5, annotated in 95 *A. L. R.* 442:

"Present income and that reasonably to be anticipated exerts a large influence upon the amount which a prudent man would give for property as a permanent investment. *State* v. *Illinois Central Railroad Co.,* 27 *Ill.* 64; *People* v. *Kalbfleisch,* 25 *App. Div.* 432 (*N. Y.*)."

The court held in the cited case that average rental income for a reasonable period prior to the assessing date, and thereafter if reasonably estimable, should be taken, rather than the specific income on the assessing date or for the current year.

The taxpayer's motions will be denied for the reasons set out above, but the case will be listed for further hearing before the commissioner, so that the evidence relating to rental income may be received, and to permit the taxing district, if it chooses to do so, to offer proof as to the true value of the parcel as an entirety.