STATE BOARD OF TAX APPEALS.

CITY OF HOBOKEN, PETITIONER, v. MORRIS AND ESSEX
RAILROAD CO., RESPONDENT.

Decided January 21, 1941.

For the petitioner, *John J. Fallon* and *Otmar J. Pellet.*

For the respondent, *John L. Segar* (by *John A. Laird*).

QUINN, President.    This is an appeal by the city of
Hoboken to restore an assessment, reduced by the Hudson
County Board of Taxation, upon the land and building com-
monly known as the Fourteenth street Hoboken ferry prop-
erty, for the year 1938.    The assessment is in the sum of
$631,600, being land, $461,600, and improvement $170,000.
The county board reduced these figures to $514,500, being
land, $354,500, and improvement, $160,000.

The assessment of this property has been on appeal before
us for each of the years 1935, 1936 and 1937.    The original

assessments for those years were identical with those for the year 1938. The Hudson County Board of Taxation uniformly reduced the land assessments by $107,100, and those for improvements by $20,000. This board, however, in each year, restored the original land valuation, and $10,000 on the improvement reduction, the final assessments thus being fixed at $461,600 for land and $160,000 for improvements. Our conclusions were arrived at after lengthy hearings, at which testimony substantially similar to that here adduced was offered by the parties. Our determination for the year 1937 as to land was entered by consent of the respondent. Under these circumstances, the presumption of correctness, which normally attends determinations of county boards of taxation (*Newton Trust Co.* v. *Atwood* (*Supreme Court,* 1908), 77 *N. J. L.* 141; 71 *Atl. Rep.* 110), must be deemed neutralized, in the absence of a satisfactory showing that the reductions which we determined to be improper for the years 1935-1937, inclusive, are warranted for the year 1938. Such a showing is not made upon this appeal.

The divergence in land valuations testified to by the equally competent experts on either side continues. Messrs. Coffin and Makray, on behalf of petitioner, valued respondent's land, as of October 1st, 1937, at $587,518 and $600,870, respectively, compared with the assessment of $461,600. Individual assessors of the taxing district valued the property at $747,000, admitting that they had consciously under assessed the parcel, in pursuance of a fixed policy of maintaining the assessment at figures originally arrived at for the years 1921 and 1922 by the Supreme Court. See *Hoboken Ferry Co. et al.* v. *State Board of Taxes and Assessment* (*Supreme Court,* 1925), 3 *N. J. Mis. R.* 361; 128 *Atl. Rep.* 418.

On the contrary, respondent's witnesses, Stack and Ryer, valued the property at $288,416 and $306,535, respectively. These witnesses relied, among other factors, upon two allegedly comparable sales of properties in the vicinity. The first was that of a parcel known as plot 5 or Y, in 1932, by Hoboken Terminal Properties, Inc., to Hoboken Land and Improvement Company for the apparent consideration of $300,000, being at the rate of $45,000 an acre, as compared with the

assessment rate of $75,000 an acre for the property under appeal. We have had occasion heretofore, however, to examine full proofs as to the details of this transaction, in the appeal of the Hoboken Land and Improvement Company of its realty assessment for the years 1935 and 1936, and we found that simultaneously with the contract of sale, the vendor and the purchaser had made an agreement that the latter would, if it took title under the contract of sale, execute a lease unto the vendor or its nominee, in conformance with a schedule of terms thereto attached. *City of Hoboken* v. *Hoboken Land and Improvement Co., New Jersey .Tax Reports,* 1934-1939, *p.* 551 (at *p.* 559). We were of the opinion, and nothing adduced in this case has altered it, that the commitment of lease constituted a consideration for the sale, moving to the seller, over and above the stated $300,000. Respondent's witnesses, however, have, as noted, given the sale full weight at its face consideration.

The other sale was of another parcel of Hoboken waterfront from Hudson Realty Co. to General Foods Corporation at $28,000 an acre. While we regard this sale as one of comparable property, in a literal sense, *i. e.,* susceptible of comparison, we find it of little evidentiary value. While respondent's witnesses conceded that the property under appeal was far more valuable than that sold to General Foods, nothing was presented as to the *degree of difference* in value, upon the basis of which their final valuation of respondent's property could properly be referred to the sale price of the General Foods property as a criterion. All that definitely appears is that the difference in value is substantial. The property under appeal is at the foot of Fourteenth street, a major crosstown artery in Hoboken. The parcel, land and improvement, is an important and apparently profitable ferry property, held and operated as such by its owner, and properly subject to valuation for assessment in the condition actually held. *Trustees of Stevens Institute* v. *State Board* (*Supreme Court,* 1928), 105 *N. J. L.* 99; 143 *Atl. Rep.* 356; *affirmed* (*Court of Errors and Appeals,* 1929); 105 *N. J. L.* 655; 146 *Atl. Rep.* 919; *Hackensack Water Co.* v. *Borough of Woodcliff Lake, New Jersey Tax Reports,* 1934-1939, *p.* 144 (at *p.* 147); *Gen-*

*eral Motors Corp.* v. *City of Linden, New Jersey Tax Reports,* 1934-1939 (at *p.* 748) ; *affirmed* (*Supreme Court,* 1940), 124 *N. J. L.* 212; 11 *Atl. Rep.* (*2d*) 314. On the other hand, the other property had only potential value of an uncertain extent, prior to its purchase by General Foods.

Some of the witnesses were of the opinion that waterfront values in Hoboken were receding during the period of three or four years prior to October 1st, 1937 ; others, that they were advancing. On the whole case, we conclude that the assessed valuation of $461,600 is not in excess of the true value of the land, as of the assessing date.

As to the improvement, we heretofore fixed its value at $160,000 for the period, 1935-1937, and as it was testified that no alteration or change in the structure has taken place since, we determine that the petitioner's prayer for restoration of the $170,000 assessment should be denied.

In accordance with the foregoing conclusions the judgment of the Hudson County Board will be reversed as to land, and affirmed as to the improvement, to the end that the assessment be fixed at $621,600, being land, $461,600, and improvement $160,000.