BOROUGH OF HAWORTH, A MUNICIPAL CORPORATION OF THE COUNTY OF BERGEN AND STATE OF NEW JERSEY, PROSECUTOR, v. THE STATE BOARD OF TAX APPEALS AND HACKENSACK WATER COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY (1938 ASSESSMENT), RESPONDENTS.

BOROUGH OF HAWORTH, A MUNICIPAL CORPORATION OF THE COUNTY OF BERGEN AND STATE OF NEW JERSEY, PROSECUTOR, v. THE STATE BOARD OF TAX APPEALS AND HACKENSACK WATER COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY (1939 ASSESSMENT), RESPONDENTS.

Argued May 7, 1941—Decided July 25, 1941.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutor, *Hennessy & Mowry.*

For the respondent Hackensack Water Company, *Morrison, Lloyd & Morrison* (*Milton, McNulty & Augelli,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. The single question for decision is whether the State Board of Tax Appeals erred in fixing the amount of $250,000 as the value of the property in question for the purpose of taxation for the years of 1938 and 1939.

The property in question is located in the borough of Haworth, in the County of Bergen, and consists of 243.7 acres of land described as Plots 1A, 1B, 1C and 1D in Section

1 of the Assessment Map of the Borough of Haworth. The assessment of this same land for the year of 1937 has previously been reviewed by this court. *Hackensack Water Co.* v. *State Board of Tax Appeals,* 122 *N. J. L.* 596; 7 *Atl. Rep.* (*2d*) 628. It is land which is owned by the Hackensack Water Company and which makes up part of the Oradell Reservoir, situated partly in the Borough of Oradell and partly in the Borough of Haworth. It is the valuation of that portion of the reservoir which is located in the Borough of Haworth only with which we are here concerned.

The 1938 assessment of this property by the Haworth taxing district was fixed at $300,000 and was affirmed by the Bergen County Board of Taxation. The 1939 assessment of the same property was fixed at $395,000 (excluding certain improvements not here in question) and upon appeal to the Bergen County Board of Taxation, this valuation was reduced to the sum of $250,000. The respondent water company thereupon petitioned the State Board of Tax Appeals to lower the 1938 valuation of $300,000 fixed by the county board, whereas the Borough of Haworth petitioned the State Board to raise the valuation of $250,000, as fixed by the same county board for the year of 1939. After hearing the testimony and reviewing the briefs of counsel, the State Board of Tax Appeals fixed the value of the property at $250,000 for both the years of 1938 and 1939.

Prosecutor, the Borough of Haworth, having been granted a writ of *certiorari,* here seeks to have the judgment of the State Board of Tax Appeals reversed and the assessments restored to their original amounts, namely, $300,000 for the year of 1938 and $395,000 for the year of 1939. Although the borough has returned separate states of the case for each assessment, both the proofs and the arguments of counsel are the same for both of these.

It becomes our duty to weigh the evidence independently and to render whatever decision we deem proper according to our view of the evidence submitted. It is clear, however, that in weighing the evidence and in making our finding, "we do not disturb the judgment of the State Board of Tax Appeals, on questions of fact, 'unless the evidence is persua-

sive that the board erred in its determination.' *Tennant* v. *Jersey City*, 122 *N. J. L.* 174; 4 *Atl. Rep.* (*2d*) 395; *affirmed*, 123 *N. J. L.* 200; 8 *Atl. Rep.* (*2d*) 325." *Gannon* v. *State Board of Tax Appeals*, 123 *N. J. L.* 450, 453; 9 *Atl. Rep.* (*2d*) 531. *Cf. Colonial Life Insurance Co.* v. *State Board of Tax Appeals*, 126 *N. J. L.* 126, 128; 18 *Atl. Rep.* (*2d*) 625. With these principles in mind we turn to the proofs.

At the hearing before the State Board of Tax Appeals, the Borough produced two witnesses. By the testimony of Mr. Dederick it attempted to show the value of the property in question prior to the time of any improvements or work thereon. This testimony prosecutor sought to supplement by the testimony of Mr. Haydock concerning the value of the reservoir on the land. This method of arriving at the value of land, however, was expressly disapproved by this court in the case of *Hackensack Water Co.* v. *State Board of Tax Appeals, supra,* wherein the court (at *p.* 597), pointed out that "Property to be assessed, whatever may be its character, is to be taken and valued in the actual condition in which the owner holds it."

Assuming, however, that the testimony of Mr. Haydock were admissible, it possesses little or no probative value. Although he considered both the cost price and the reproduction value, the facts upon which he, admittedly, based his conclusions, have not been established as true. For the cost price he accepted the figures carried upon the respondent's books for the entire reservoir which includes the portion located in the Borough of Oradell as well as the portion situated in the Borough of Haworth. He did not indicate how that cost should be allocated to that portion of the reservoir situated in the Borough of Haworth, which is the only portion of the property with which we are here concerned. Moreover, according to the unanimous testimony, respondent built a reservoir of an unusual and costly nature. Under these circumstances the unreliability of the cost price need be recognized. *Turnley* v. *Elizabeth,* 76 *N. J. L.* 42; 68 *Atl. Rep.* 1094. *Cf. New Jersey Suburban Water Co.* v. *Board of Public Utility Commissioners,* 123 *N. J. L.* 303; 8 *Atl.*

*Rep.* (*2d*) 350. This situation would not be altered, as counsel appears to argue, because of the company's report to the Securities Exchange Commission in which report the value was determined on the basis of cost price. Whether or not the company has committed a wrong in that report is not a question requiring decision in this cause.

In considering the reproduction value, Mr. Haydock did restrict himself to the property located in the Borough of Haworth. Here, however, he relied upon certain statements made in a paper published some years ago by a Mr. Hill, who is now deceased. Mr. Hill, in publishing this paper, was not acting as an agent for the respondent water company and the facts therein stated are necessarily hearsay in this proceeding. Moreover, even if these facts were admissible here, the rather speculative assumptions which Mr. Haydock deduces therefrom are open to serious question.

The witness Haydock also made an effort to reach a valuation of this property by capitalizing the additional revenue which the company might receive by reason of the use to which the property in question might be put. The figures reached were, however, admittedly based on gross and not on net income. Moreover, there was no indication as to how the witness allotted any particular share of the increased revenue from the whole reservoir to that portion thereof which lay in the Borough of Haworth.

Pursuant to the rule allowing the taking of depositions, upon the granting of a writ of *certiorari,* prosecutor has adduced testimony to the effect that since approximately one-third of the reservoir lies in the Borough of Haworth, at least one-third of the cost of building the reservoir must be allocated to the lands located therein. Mr. Fricker, however, who is the assistant to the president and a member of the operating committee of the respondent water company, testified that "There wasn't as much clearing work in Haworth as there was in the valley. * * * There was some woodland, but not thick woodland." He pointed out, furthermore, that "It is impossible to determine from the records of the company, what part of the cost of the entire job would be applicable to what was done in the Borough of Haworth."

The varied results that may be obtained by a manipulation of figures, have already been alluded to by this court. *Plainfield* v. *State Board of Tax Appeals,* 19 *N. J. Mis. R.* 313, 316; 19 *Atl. Rep.* (*2d*) 195. A consideration of the tax history of this case (*Koch* v. *Jersey City,* 118 *N. J. L.* 85, 88; 191 *Atl. Rep.* 558; *affirmed,* 119 *N. J. L.* 432; 197 *Atl. Rep.* 275), clearly indicates the weakness of the borough's present appeal. From 1927 through 1936 the borough assessed these lands at $200,000. In 1937, the assessed value was fixed at $250,000 and this value was approved by this court in *Hackensack Water Co.* v. *State Board of Tax Appeals, supra.* Mr. Fricker testified to the effect that there has been no essential change in the condition of the land and that the trend of value of real estate, at the time of the assessments in question, was downward. Under such circumstances, the borough's argument for an increase in the assessed value of the land bears little weight.

Because of all that has been said and because the borough has produced no evidence which is "persuasive that injustice has been done" (*Colonial Life Insurance Co.* v. *State Board of Tax Appeals, supra* (at *p.* 128) ; *Plainfield* v. *Board of Tax Appeals, supra*), the judgment of the State Board of Tax Appeals in each case is affirmed. The writs are dismissed, with costs.