TOWNSHIP OF CEDAR GROVE IN THE COUNTY OF ESSEX, NEW JERSEY, A MUNICIPAL CORPORATION, PROSE-CUTOR, v. NEW JERSEY STATE BOARD OF TAX APPEALS AND ROSCOE C. W. JONES, RESPONDENTS.

Submitted January 27, 1934—Decided March 27, 1934.

Before Justice CASE, BODINE and DONGES.

For the prosecutor, *Samuel W. Boardman, Jr.*

For the respondents, *William J. McCormack.*

BODINE, J. The writ brings up for review a judgment of the state board of tax appeals affirming the judgment of the Essex county board of taxation, reducing from $19,000 to $12,000, the valuation assessed in October, 1931, against the property of the respondent Jones. The land in question consists of about nineteen acres. It was purchased in 1928 for $17,000, the intention being to use it for development purposes. It produces no revenue and due to the world-wide depression no real market exists for its sale.

The Essex county board of taxation and the board of tax appeals, after carefully considering the evidence adduced, accepted as true the owner's views of value rather than those of the local assessors. The prosecutor complains of this action.

The local assessors valued the property abutting on Fairview avenue at $6 a front foot running back two hundred feet and the property abutting on Prompton avenue at $10

a front foot, running back a like distance. The rear land was figured at $650 an acre. The total so figured came to about $19,000. The property was assessed in 1929 at $17,000, although other land in the vicinity sold in that year for $2,000 an acre. No evidence of comparable contemporaneous sales could be adduced.

The township offered to show by deeds and mortgages of record that the property possessed the value fixed by its assessors. Such records were rejected by the state board of appeals, whether rightly or wrongly, we need not determine, since at most if evidential, they would not be conclusive since the recitals of consideration are at most expressive of the basis of contract. A mortgage is usually given as security for a debt and the amount may have no relationship whatever to the value of the property mortgaged. Similarly the recitals of consideration in deeds are well known to be inaccurate. At all events, the existence of a purchase-money mortgage given years before cannot be said to be evidential as to present value, nor even the restatement of such mortgage after worldwide financial disaster. The circumstance that nothing is shown to indicate that Cedar Grove township is differently situate from the rest of the world shakes our confidence in the veracity of the testimony of the assessors, since they increased the assessed value of the lands in question from 1929 to 1932—a period of generally rapidly declining values. It is further apparent that there was a sound basis for the action taken in the two tribunals which have passed upon the matter and their judgments should not be lightly disturbed when sustained by the proof. Such we find to be the case.

The assessment as made by the Essex county board of taxation will be affirmed.