WILLIAM R. GANNON, PROSECUTOR, v. THE STATE BOARD OF TAX APPEALS AND CITY OF JERSEY CITY, RESPONDENTS.

MARY McCARDLE, PROSECUTRIX, v. THE STATE BOARD OF TAX APPEALS AND CITY OF JERSEY CITY, RESPONDENTS.

Argued October 3, 1939—Decided November 30, 1939.

Before Justices PARKER, BODINE and PERSKIE.

For the prosecutor and prosecutrix, *William R. Gannon.*

For the respondents, *James A. Hamill* (*Frank P. McCarthy,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. The writ in each case seeks to review the judgment of the State Board of Tax Appeals affecting the assessment of the home property of each party in Jersey City for the year of 1937.

The hearing of both cases, before the State Board of Tax Appeals and this court was, by concession, consolidated.

*In case number 233,* prosecutor is the owner of the premises known as 176 Belmont avenue, Jersey City; it is designated as lot 22A in block 1819 on the official assessment map of the city. The size of the lot is twenty-nine and eight-hundredths feet by one hundred and forty-two feet. The building on the lot is a two and one-half story, cellar, frame, one-family building containing six rooms and bath, with two rooms in the attic. It has hardwood floors on the first and second floor and pine floors in the attic. The bath has a tile floor. The building is steam heated and stands on a brick foundation. The building was erected in 1904 and is in good condition.

For the year of 1937, as of October 1st, 1936, the property was assessed by the local assessors as follows: land, $8,100, building, $4,100, or a total of $12,200.

On appeal to the Hudson County Board of Taxation that board granted prosecutor a reduction of $100 on the building.

Prosecutor then appealed to the State Board of Taxation. In his petition of appeal he sought to have the assessment of his property reduced to the following amounts: land, $4,000, building, $4,000, or a total of $8,000; he subsequently amended his petition in which he sought to have the assessment on the building reduced to $2,100, or a total of $6,100.

The State Board of Tax Appeals affirmed the assessment of $12,100 ($8,100 on land and $4,000 on building) as fixed by the Hudson County Board of Taxation.

*In case number 234,* prosecutrix is the owner of the premises known as 170 Belmont avenue, Jersey City; it immediately adjoins the Gannon property. It is designated as lot 20A in block 1819 on the official map of the city. The size of the lot is twenty-nine and one-hundredths feet by one

hundred and forty-two feet. The building on the lot is similar to the building on the Gannon lot save that the Gannon building is apparently in better condition.

The local assessors assessed this property for the year of 1937, as of October 1st, 1936, as follows: land, $8,000, building, $4,600, or a total of $12,600.

On appeal to the Hudson County Board of Taxation that Board dismissed her appeal.

Prosecutrix then appealed to the State Board of Tax Appeals. In her petition of appeal, prosecutrix sought to have her assessment reduced to the following amounts: land, $4,000, building, $2,300, or a total of $6,300.

The State Board of Tax Appeals reduced. the assessment to $11,500, i. e., $8,000 on land and $3,500 on the building.

Each owner aggrieved at the value thus fixed, applied for and was granted a writ of *certiorari* by Mr. Justice Porter to review the assessments as aforesaid. (Section 11, *Certiorari* act, 1 *Comp. Stat.* (1709-1910), *p.* 405; *R. S.* 2 :81-8.)

The controlling legal principles are well established. The presumption is that the assessment, as made, by the proper authorities is correct. The burden is, therefore, on the taxpayer to show that the assessment made does not indicate the true value of the taxable property. *New Jersey Bell Telephone Co.* v. *Newark,* 118 *N. J. L.* 490; 193 *Atl. Rep.* 844, and cases therein collated on pages 494, 495. Our duty is to weigh the evidence and render such a decision as we deem proper according to the view we entertain of the evidence submitted. *Stevens Institute* v. *State Board,* &c., 105 *N. J. L.* 99; 143 *Atl. Rep.* 356; *affirmed,* 105 *N. J. L.* 655; 146 *Atl. Rep.* 919; *Gibbs* v. *State Board of Taxes,* &c. (*Court of Errors and Appeals,* 1925), 101 *N. J. L.* 371 (at *p.* 374); 121 *Atl. Rep.* 189. And if after weighing the evidence it shall appear to our satisfaction that the value of the taxable property assessed, as urged by the taxpayer, "is too great," then we are obliged to amend the assessment and reduce it to the "proper and just amount" and thereupon affirm it according to the amendment or reduction and reverse it as to the excess

only. *R. S.* 54:4-62. *Cf. Stevens Institute* v. *State Board, &c., supra.* But in weighing the evidence and in making our finding both under our decisions and the statutory requirements, we do not disturb the judgment of the State Board of Tax Appeals, on questions of fact, "unless the evidence is persuasive that the board erred in its determination." *Tennant* v. *Jersey City,* 122 *N. J. L.* 174; 4 *Atl. Rep.* (*2d*) 395; *affirmed,* 123 *N. J. L.* 200; 8 *Atl. Rep.* (*2d*) 325.

With these principles in mind let us turn to the proofs which by further concession are applicable to each case. Both properties are about thirty-five years old. Save as already observed (fractional inch difference in the frontage of Gannon's lot and the better condition of his building) both are alike.

The McCardle property was acquired on October 31st, 1934, pursuant to a written agreement dated October 10th, 1934, between Laura M. Rutledge, a widow, and Thomas and Mary A. McCardle. The consideration was $8,200— $4,200 in cash and the balance of $4,000 by the purchasers assuming an existing first mortgage in like amount on the property held by Edward A. Markley and the New Jersey Title Guarantee and Trust Company, trustees for William T. S. Crichfield, Jr., under the last will and testament of William T. Crichfield, deceased.

Expert Sol G. Gorlin testified for each petitioner before the State Board of Tax Appeals. On the McCardle property he placed a value of $7,000—$5,100 on land and $1,900 on the building. On the Gannon property he placed a value of $7,500—$5,000 on the land and $2,400 on the building. It is not clear whether the $100 difference was to be added to the land or building. Gannon in his brief adds it to the building.

Gorlin based his opinion on sales of comparable properties in the immediate vicinity. He specifically testified to the following sales: (1) 170 Belmont avenue (McCardle property), sold for $8,200 on November 1st, 1934; (2) 151 Harrison avenue (three blocks south of prosecutor's property), two and one-half story, cellar, frame, eight rooms and bath, size of lot thirty by one hundred and thirty-seven feet, sold

June 4th, 1935, for $6,000; (3) 155 Jewett avenue (two blocks north of the premises in question), twenty-five by seventy-two and eighty-two-hundredths feet, two and one-half story, frame, eight rooms and bath, hot air heat, sold in October of 1936 for $6,250; (4) 152 Jewett avenue, twenty-five by one hundred and thirty-six feet, two and one-half story, frame, six rooms and bath, sold for $7,750; (5) 122 Jewett avenue, thirty by eighty-two feet, two and one-half story, frame, twelve rooms and bath, sold June 17th, 1936, for $4,750; (6) 160 Jewett avenue, twenty-five by one hundred and thirty-six feet, two and one-half story, frame, eight rooms and bath, sold in October of 1933 for $7,500, and 162 Belmont avenue recently sold for $3,500.

Expert Eugene R. Makray testified for respondents. He placed a value of $11,800 on the McCardle property ($8,100 on land and $3,700 on the building). He placed a value on the Gannon property, which he deemed better than the McCardle property, of $8,100 on the land; he placed no value on the building because he says that he had been unable to gain admittance thereto to inspect the interior thereof. He offered no proof of sales of comparable property. He did, however, say that he considered the sales concerning which Gorlin testified and admitted that "they [the properties] are all in the same general vicinity [as those here involved] and are comparable to a degree."

The "tax history" (*Koch* v. *Jersey City*, 118 *N. J. L.* 85 (at *p.* 88); 191 *Atl. Rep.* 558) of the property involved shows that they have been assessed from 1926 to 1937 continuously at the same figures notwithstanding the marked decline in the values of real estate during part of the same period. Assessments so made do not carry the efficacy claimed for them. *Cf. Township of Cedar Grove* v. *Board of Tax Appeals*, 12 *N. J. Mis. R.* 367, 368; 171 *Atl. Rep.* 546.

Respondents argue that the sales concerning which Gorlin testified "do not reflect the true market value and did not lend any aid to the state board in establishing the value of the property under appeal." That argument is predicated upon the claim that an examination of the properties sold will

indicate that the larger properties sold for less money than the smaller properties. We do not follow the efficacy of the argument. It seems to us that all the circumstances referred to tend to prove is that there is a greater demand apparently for smaller homes than there is for larger homes, and the natural resultant consequence is a decrease in the value of the larger homes. In light of present economic conditions, the burdens and costs of the upkeep and operation of a large home make the stated result easily understandable.

We find no proof to support respondents' further claim that the sale of the property to the McCardles was a forced sale simply because the widowed owner was in arrears on the fixed charges on the property at the time of the sale thereof.

We rather think that the proofs in these cases are not unlike the proofs in the case of *Tennant* v. *Jersey City, supra;* here, as there, they "bore down heavily in favor of the taxpayer." The proofs are persuasive that the state board erred in its determination.

In the McCardle case we think that a valuation of $8,600 ($5,100 on land and $3,500 on building) is a proper and just amount. To that extent ($8,600) the assessment is affirmed; the amount in excess thereof is reversed.

In the Gannon case we fail to see any monetary value in the fact (none is pointed out) that the frontage of his lot is seven-hundredths of a foot larger than the frontage of the McCardle lot—so we think that a valuation of $5,100 on his lot is proper and just. The proofs, as we have seen, are that his building is in better condition than the McCardle building; Gannon, in the first instance placed a value of $4,000 on the building; he amended his petition so that his claim would be more in line with the claim made by Mrs. McCardle. We, therefore, think that a valuation of $4,000 on his building is a proper and just amount; in all the assessment of $9,100 on both land and building is proper and just. To the extent, therefore, of $9,100 the assessment is affirmed; the amount in excess thereof is reversed.

Costs are allowed to each prosecutor.