CAMDEN COUNTY REALTY COMPANY, PROSECUTOR, v. STATE BOARD OF TAX APPEALS AND BOROUGH OF OAKLYN, RESPONDENTS.

Submitted October 5, 1943—Decided January 6, 1944.

Before Justices PARKER, HEHER and PERSKIE.

For the prosecutor, *Raymond Saltzman.*

For the respondents, *George D. Rothermel.*

The opinion of the court was delivered by

PERSKIE, J. This is a land tax case. The question for decision is whether on the facts of this case the State Board of Tax Appeals erred, as claimed, in affirming the assessments, for the tax year of 1942, of the four lots owned by prosecutor and located in the respondent borough.

Prosecutor owns lots numbered 22, 23, 24 and 25, in Block 8K, Plat 2, in the taxing district of the Borough of Oaklyn, Camden County, New Jersey. Lots 22, 23 and 24 are vacant lots. Each has a frontage of 50 feet on Oakland Avenue and a depth of 175 feet. Oakland Avenue is a gravel street, it has neither sidewalks nor curbing, nor have any buildings been erected on the lots fronting thereon. It has none of the usual utility facilities, save perhaps that of sewerage which is, however, not connected to the lots. For the tax year of

1942, as of October 1st, 1941, these lots were assessed by the local tax assessor as follows: lot 22 at $300, lot 23 at $400, and lot 24 at $500, and, in reverse order, they are immediately adjacent to and west of lot 25 which is located on the northwest corner of Oakland Avenue and the White Horse Pike.

Lot 25 has a frontage of 175 feet on the White Horse Pike and a depth of 110 feet on Oakland Avenue. Part of it is used as a gasoline filling station. We are told, and it is not questioned, that the White Horse Pike is a state highway which has a width of 40 feet from curb to curb, that it is paved with concrete, that it has sidewalks and all other improvements installed therein. For the year in question (1942) as of October 1st, 1941, this lot was assessed at $4,000.

Alleging that the assessment of each lot was "in excess of its true value," and "praying" that the assessment of each "be reduced to its true value," namely, lots 22, 23 and 24 to $225 each and lot 25 to $2,675, prosecutor took timely appeals to the Camden County Board of Taxation and to the State Board of Tax Appeals. These appeals proved fruitless to prosecutor. Each of the bodies affirmed the challenged assessments. On application to a justice of this court, the prosecutor was allowed a writ of *certiorari*. By order of that justice the four judgments (one for each of the four assessments) were consolidated and the validity of each judgment is challenged by the one writ allowed.

The applicable law is clear. The "presumption" is that the "assessment" as made by the local assessor is "correct." *Gannon* v. *State Board of Tax Appeals*, 123 *N. J. L.* 450; 9 *Atl. Rep.* (2d) 531. But that presumption "can not stand up" against, and is "overcome by," uncontradicted evidence contrary to the presumption. *New Jersey Bell Telephone Co.* v. *Camden*, 122 *N. J. L.* 270, 275; 4 *Atl. Rep.* (2d) 705. *Cf. Hackensack Water Co.* v. *State Board of Tax Appeals*, 129 *N. J. L.* 535, 538, 539; 30 *Atl. Rep.* (2d) 400; *affirmed*, *Hackensack Water Co.* v. *North Bergen Township*, 130 *N. J. L.* 483; 33 *Atl. Rep.* (2d) 821. The burden is therefore on the taxpayer to show that the "assessment" made does not

"indicate" the "true value" of the taxable property. *Gannon* v. *State Board of Tax Appeals, supra* (at *p.* 452). The facts of each particular case under review are controlling. And on questions of fact we do not disturb the judgment of the State Board of Tax Appeals "unless the evidence is persuasive that the board erred in its determination." *Tennant* v. *Jersey City,* 122 *N. J. L.* 174; 4 *Atl. Rep.* (2*d*) 395; *affirmed,* 123 *N. J. L.* 200; 8 *Atl. Rep.* (2*d*) 325; *Gannon* v. *State Board of Tax Appeals, supra* (at *pp.* 452, 453). *Cf. Colonial Life Insurance Co.* v. *State Board of Tax Appeals,* 126 *N. J. L.* 126; 18 *Atl. Rep.* (2*d*) 625.

With these principles in mind, let us turn to the evidence.

*As to lots 22, 23 and 24.* Prosecutor argues that the true value of each lot is $225. That argument is based upon the premise that each lot was assessed at $225 for the tax years of 1940 and 1941, and that there was no change in the value of these lots as of October 1st, 1941, for the tax year of 1942. There was proof to that effect for the prosecutor. The only proof to the contrary was that of an expert (a realtor) for respondent who testified that the value of these lots was "$10.00" a front foot, or "$1,500.00." He pointed to no sales of other like lots in the "immediate neighborhood" within a "reasonable time before or after the statutory date of the assessments" and thus his testimony has "little, if any, persuasive value." *Plainfield* v. *State Board of Tax Appeals,* 19 *N. J. Mis. R.* 313; 315; 19 *Atl. Rep.* (2*d*) 195. We see nothing in the proofs to justify an increase in the valuation of lot 22 by 33%, lot 23 by 75% and lot 24 by 125%. Nor do we see any evidence to justify any increase in the valuation of these lots. The "tax history" of these lots was clearly admissible. See *Gannon* v. *State Board of Tax Appeals, supra* (at *p.* 454). This history shows that these lots were assessed at $225 each for the tax years of 1940 and 1941. And the evidence is "persuasive," it is uncontradicted, that "like lots in the immediate neighborhood" within a reasonable time before and after the assessing date here in issue were assessed at $225 for an inside lot and $300 for a corner lot. We agree that it is difficult to understand why lot 24 which is immediately adjacent to the lot on which there is a

gasoline filling station is assessed at $500 and the next two lots further away from lot 24 are assessed at a lower value. For the evidence is that the nearer the lots are to the gasoline filling station the "less desirable" they are made for their "restricted" use as "dwellings."

The evidence satisfies us—and we so hold—that prosecutor has satisfactorily shown that the assessments made do not indicate their true value. In other words, prosecutor has overcome the presumption of their correctness, and has established by persuasive evidence that the State Board of Tax Appeals erred. The valuation of $225 of each of these lots is a "proper and just amount." To that extent ($225) the assessment on each lot is affirmed; the amount in excess thereof is reversed. *N. J. S. A.* 54:4–62; *Gannon* v. *State Board of Tax Appeals, supra* (at *pp.* 452, 455).

*As to lot 25.* Prosecutor argues that the true value of this lot is $2,675. Here, too, the argument is based upon the premise that $2,675 is the amount for which the lot was assessed for the tax years of 1940 and 1941 and that there was no change in its value as of October 1st, 1941, for the tax year of 1942. The argument in this instance, however, is not supported by the proofs. The proofs are to the contrary. In reaching this result we pass over the testimony of respondent's expert that this property has a value of "$50.00" a front foot, or "$8,750.00." This proof is substantially subject to the infirmities which we found in his testimony as to the value of lots 22, 23 and 24. It therefore lacks persuasion. We also pass over the sale in 1939 of a lot at the northeast corner of the White Horse Pike and Oakland Avenue (this lot has a frontage of 50 feet on the White Horse Pike and a depth of 125 feet) for $2,300. For this lot is located in Haddon Township and is otherwise not comparable. Evidence of the only comparable sale actually made is that which relates to the one which the respondent borough made in 1941 of the premises known as No. 1008 and 1010 White Horse Pike, Oaklyn, New Jersey. This property was acquired by respondent borough in a tax foreclosure proceeding and was sold for $1,500, at about $35 a front foot. Prosecutor argues that the sale included the building on the lot. That

is so. But the proof for respondent as to the condition of the building stands uncontroverted that "there was considerable to be done, to a dilapidated building that had to be demolished."

The "presumption" as to the correctness of the assessment on this lot was not "overcome" by uncontradicted evidence to the contrary. The evidence is not persuasive that the State Board of Tax Appeals erred in its determination.

Accordingly, we are of the opinion, and so hold, that the assessment of $4,000 on this lot is a "proper and just amount" and it is affirmed.

No costs are allowed to either party .