PETER DOELGER BREWING CORPORATION, DEBTOR, BY PETER P. ARTASERSE AND HUGH H. BEGLEY, TRUSTEES IN REORGANIZATION UNDER CHAPTER X, PROSECUTORS, v. THE DIVISION OF TAX APPEALS IN THE DEPARTMENT OF TAXATION AND FINANCE, STATE OF NEW JERSEY, AND FRANK E. WALSH, DIRECTOR OF THE DIVISION OF TAXATION, STATE OF NEW JERSEY, DEFENDANTS.

Submitted January 20, 1948—Decided April 29, 1948.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutors, *Cole, Morrill & Nadell* (*Mendon Morrill,* of counsel).

For the defendants, *Walter D. Van Riper,* Attorney-General of the State of New Jersey (*William K. Miller,* Deputy Attorney-General, of counsel).

The opinion of the court was delivered by

EASTWOOD, J.   Prosecutor, Peter Doelger Brewing Corporation, debtor, by Peter P. Artaserse and Hugh H. Begley, trustees, &c., seeks to reverse judgment of the Department of Taxation and Finance of the State of New Jersey, Division of Tax Appeals, affirming an assessment imposed under authority of *R. S.* 54:43–1 by the Beverage Tax Bureau of said Department of Taxation and Finance against prosecutor in the sum of $16,666.79, representing said assessment, interest

and penalties upon the sale of certain alcoholic beverages by prosecutor made within the State of New Jersey. Prosecutor contends that it is not subject to the assessment under review; that the sales of alcoholic beverages, upon which the assessment is based, are exempt from taxation under the provisions of *R. S.* 54:43–2. We are convinced there is no merit to prosecutor's contention.

The pertinent provisions of the applicable statute, effective at the time of the imposition of said taxes, are as follows:

"R. S. 54:43–1, Tax Rates.

"There are hereby levied and imposed upon any sale of alcoholic beverage made within this State or upon any delivery of alcoholic beverages made within or into this State, the following excise taxes:

"a. Beer * * *" $0.03 1/3 a gallon or fraction thereof.

"R. S. 54:43–2. No tax on beverages shipped out of the State: exception.

"No tax imposed by this subtitle shall be payable on any sale of alcoholic beverages by any State licensee for resale and consumption outside of the State, or directly for consumption outside of this State, when said sale is accompanied by the actual transportation of such beverages * * * in full compliance with the laws of the place or places of delivery; provided, evidence of such sales and deliveries satisfactory to the commissioner is submitted."

The assessment in question was the result of an investigation of prosecutor's records, made by authority of the provisions of *R. S.* 54:45–5b. The Division of Tax Appeals determined the factual situation to be: that the sales in question were made by prosecutor, a New Jersey licensee, to T. & D. Trading Company within the State of New Jersey; that T. & D. Trading Company is a partnership, composed principally of officers, stockholders or employees of the Peter Doelger Brewing Corporation, with their headquarters located at the place of business of the Peter Doelger Brewing Corporation, Harrison, New Jersey; that the transactions in question were reported to the Department of Alcoholic Beverage Control by the appellant as exempt from taxation under *R. S.* 54:43–2; that the T. & D. Trading Company, upon obtaining

an order from one of its out of the state customers, would, in turn, order beer from the prosecutor; that the beer would then be loaded on railroad cars at Harrison, New Jersey; that the bill of lading would then be delivered to T. & D. Trading Company at Harrison where it would be endorsed by it and forwarded with a sight draft to T. & D.'s customer in the South; that prosecutor parted with possession of the goods in question at Harrison, New Jersey, and at the same time surrendered title thereto by delivering bill of lading to T. & D. Trading Company; that thereupon T. & D. Trading Company accepted delivery of the goods, took possession thereof and exercised dominion over them by assigning the bill of lading to its customer. The Division of Tax Appeals held that, under the evidence, these sales were clearly within the purview of R. S. 54:43–1, thereby making them subject to the assessment in question. We concur in this determination. To sustain prosecutor's contention that "none of the beer involved was ever sold or delivered in the State of New Jersey for consumption" and, therefore, exempt under R. S. 54:43–2 places an unwarranted construction upon the provisions of the applicable statute, not justified by the facts as determined by the Division of Tax Appeals. To adopt the prosecutor's view would result in thwarting the legislative intent of the act under review. This court will not set aside a judgment of the State Board of Tax Appeals on factual issues, if there was competent evidence to support its findings. There appears to be no merit in prosecutor's contention that the Board erred in its determination of the factual issue.

Prosecutor relies on the case of *Schenley Distributors, Inc.,* v. *State Tax Commissioner,* 18 *N. J. Mis. R.* 266. A review of this decision convinces us that it is not applicable to the facts in the case under review. There was only one sale in the Schenley case, *supra,* which was made directly to the purchaser for consumption on the high seas. In the case under review, the sale was first made in New Jersey to the T. & D. Trading Company. The T. & D. Trading Company, in turn, disposed of the beer by subsequent sale to its own customers. R. S. 54:44–1 provides in part:

132

"The taxes imposed by this subtitle shall be due and payable at the time of the first sale or delivery, as the case may be, in this state."

This provision of the statute clearly establishes the propriety of the assessment in question, in the light of the factual findings of the Division of Tax Appeals, which, upon examination of the record, we find are supported by the evidence.

We have considered the other grounds advanced by prosecutor for a reversal of the judgment below, and find no merit in them.

The writ is dismissed, with costs.