The appellant, the Township of Weehawken in the County of Hudson appeals from seven judgments rendered by the Division of Tax Appeals reducing assessments levied for the years 1946 and 1947 on two parcels of property known respectively as Block 36, Lot 6, Canal Basin and Block 45, Lots A2 to G2 and A3 to G3. By order *Page 158 
of the court the appeals were consolidated and heard together as one appeal.
The property is owned by the New York State Realty Terminal Company, a wholly owned subsidiary of the New York Central Railroad system, and adjoins or is contiguous with the second class lands of that railroad.
Block 36, Lot 6, Canal Basin is located approximately opposite West 34th Street, New York City. This tract containing 29.48 acres was assessed by the assessor for the year 1945 at a valuation of land, $1,194,400. (There is also an improvement assessment of $20,000 which is not involved in this appeal.) The respondent appealed to the Hudson County Board of Taxation which reduced the land assessment to $943,400, which assessment was affirmed by the State Board.
For the year 1946, the property was again assessed at land $1,194,400. On appeal by respondent, the County Board reduced the land assessment to $943,400. The Division of Tax Appeals by its judgment, which is under appeal herein, further reduced the land assessment to $806,400.
For 1947, the property was again assessed at land $1,194,400. On appeal by the respondent, the County Board affirmed the assessment. The Division of Tax Appeals again reduced the land assessment to $806,400.
The State Board fixed the value of this land at $28,000 per acre.
Lots A2 to G2 are waterfront lots containing 52.632 acres. The property has a frontage of 2078.48 feet along the bulkhead line, with an average depth of 1170 feet and is bounded on the west by second class railroad lands, and on the east by the pier head line of the Hudson River.
Lots A3 to G3 is an upland parcel lying on the hillside west of the railroad right of way. The assessed value of $42,000 was affirmed by the State Board and no appeal was taken therefrom.
However, lots A2 to G2 were assessed for each of the years 1946 and 1947 at $1,995,200 and lots A3 to G3 were valued separately at $42,000. The respondent filed one appeal and the County Board filed one judgment, reducing the total assessment *Page 159 
from $2,037,200 to $1,775,700 and the State Board further reduced the assessments to $1,569,900 (of which $42,000 is allocable to the hillside lands and $1,527,900 to the waterfront lands).
Joseph Rubenstein, the expert witness for the municipality testified that the land in Block 36, lot 6, Canal Basin, had, in his opinion, a value of $43,560 per acre or $1 per square foot. He appraised the value of the land at $1,284,148. He also testified that in his opinion the waterfront land in Block 45, lots A2 to G2 was valued at $2,270,151, basing his valuation on 52.632 acres at $43,560 per acre or $1 per square foot and he valued Lots A3 to G3 at $42,000 each. He cited sales of much smaller parcels of land as the basis of his determination.
For the respondent, William J. Stack testified that the true value of the land in Block 36, Lot 6, Canal Basin, was $489,600 being a valuation of $17,000 per acre. He valued the waterfront land at $929,640. He arrived at this figure by dividing the land into three parts. One tract, which consisted of the waterfront land lying north of Pier K and containing 21.17 acres he valued at $22,000 per acre or $465,740. The remaining waterfront land he valued at $15,000 per acre for the portion not covered by the Port Authority easement and $10,000 per acre for that covered by the easement, making a total of $446,400 for the 31.46 acres. He then fixed a value of $2,500 per acre for the seven acres in Lots A3 to G3. He too used a number of sales of other property to justify his conclusion.
The lands in question are almost completely under water, the Canal Basin, Block 36 Lot 6 being 28.80 acres in area, of which only two acres are upland, and Block 45 Lots A2, etc., being 52.632 acres, of which only about four acres are upland.
"The primary rule for the construction of tax law is, that, in taxation from year to year, each act of taxation is a separate and distinct thing, appealing to the law in force when the tax is laid to support the imposition — assessments are made each year."Howard Savings Institution v. Mayor, etc., of City of Newark,63 N.J.L. 65, 74 (Sup. Ct. 1898). *Page 160 
In the case of United New Jersey Railroad Canal Co. v. StateBoard of Taxes and Assessments, 100 N.J.L. 131, 137 (E. A.
1924), and in many other cases, it is stated that "the conclusions of the State Board fixing valuations should not be set aside, except for palpable error." The court has further said that "it properly required that the evidence should preponderate against the valuation of the State Board before it would be set aside, * * * and the court should not set aside judgments of the state tribunal fixing valuations which are based on evidence."
"The State Board is entitled to use its own personal knowledge and judgment as to the value of the property when interpreting, comparing, weighing and considering the evidence." United NewJersey Railroad and Canal Co. v. State Board, etc., 103 N.J.L. 33
(Sup. Ct. 1926).
In Harborside Warehouse Co. v. Jersey City, 128 N.J.L. 263
(Sup. Ct. 1942), it was held
"that it is a proper function for the state board to use its own knowledge and judgment in appraising the taxable value of property;" citing Long Dock Co. v. State Board of TaxAssessors, 86 N.J.L. 592 (E. A. 1914).
This rule is applicable when the determination of the State Board is sustained by the entire record.
The opinions of both experts were based on facts and both experts were legally qualified. There are three practical courses open to this court to follow after reading the conflicting testimony. First, affirm the assessments as based upon the evidence of the experts of the respondent; second, increase the assessments and adopt the opinions of the expert witnesses of the municipality; or third, reject both sets of expert opinions and base a judgment upon our own individual opinion; thus, eliminating entirely the judgment of the State Board. The valuations of these properties were made by the unanimous vote of the panel of the State Board and, in that situation, valuations so ordered should not be set aside unless entirely clear that the evidence will not fairly support them. United New JerseyRailroad Canal Co. v. State Board, supra. *Page 161 
The record indicates that the Panel inspected the subject properties. On the basis of this inspection and on the basis of the experts' testimony, the Panel reached the conclusion that the subject properties had been over-assessed. It found that the true value of the Canal Basin, Block 36, Lot 6, was $28,000 per acre, and the true value of the adjoining waterfront parcels Block 45, Lots A2, etc., was $30,000 per acre because of the improvements thereon and its proximity to the ferry terminal and the public highways leading to it. The Panel further determined that the area subject to the Port Authority easement was 5.10 acres and the value of that portion should be reduced by 33 1/3%.
The judgment of the State Board, when based on sufficient evidence to support it, as it is here, should not be set aside.
The appellant argues that the State Board committed error in lowering the assessments for the years 1946 and 1947, in view of the board's action in sustaining a higher valuation for the year 1945. The argument is without force because assessments are made each year and the valuations of one year are not conclusive or binding for the following year. Such prior valuations were merely circumstances for the State Board to consider. It is also possible that the valuations for the prior years were not at true value. This is a pure question of fact for the State Board to determine. United New Jersey Railroad Canal Co. v. StateBoard, supra.
The judgments under review are affirmed. *Page 162