11 N.J. Super. 493 (1951)
78 A.2d 592
WESTON ELECTRICAL INSTRUMENT CORPORATION, PLAINTIFF-APPELLANT,
v.
CITY OF NEWARK AND DIVISION OF TAX APPEALS IN THE STATE DEPARTMENT OF THE TREASURY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 2, 1951.
Decided February 5, 1951.
*495 Before Judges FREUND, PROCTOR and ROGERS.
Mr. William H. Osborne, Jr., argued the cause for the plaintiff-appellant (Messrs. Pitney, Hardin & Ward, attorneys).
Mr. Vincent J. Casale argued the cause for the defendant-respondent (Mr. Charles Handler, attorney).
The opinion of the court was delivered by FREUND, S.J.A.D.
The taxpayer, Weston Electrical Instrument Corporation, appeals from a judgment of the Division of Tax Appeals of the Department of Taxation and Finance, affirming the assessment of $1,500,000 on its tangible personal property levied by the City of Newark for the year 1948, arguing that it should be reduced to $1,247,000.
The settled rule is that there is a presumption that an assessment made by the proper authorities is correct, and the burden is upon the taxpayer to show otherwise. Estell v. Hawkins, 50 N.J.L. 122 (Sup. Ct. 1887); General Motors Corp. v. State Board of Tax Appeals, 124 N.J.L. 212 (Sup. Ct. 1940); affirmed, 125 N.J.L. 574 (E. & A. 1940); L. Bamberger & Co. v. Division of Taxation, 1 N.J. 151 (1948).
*496 The taxpayer appealed from the city's assessment to the Essex County Board of Taxation, which dismissed the appeal. Thereafter, an appeal to the Division of Tax Appeals was, after a hearing, likewise dismissed. "We do not disturb the judgment of the state board, on questions of fact, unless the evidence is persuasive that the board erred in its determination." Lawrence Township v. State Board of Tax Appeals, 124 N.J.L. 465 (Sup. Ct. 1940). The conclusions of the State Board fixing valuations should not be set aside except for palpable error. United N.J.R.R. & Canal Co. v. State Board, &c., 103 N.J.L. 33 (Sup. Ct. 1926); In re New York State Realty & Terminal Co., 5 N.J. Super. 156 (App. Div. 1949).
At the hearing below, Richard H. Glander, an expert appraiser, and F. Gerald Hawthorne, the appellant's controller and assistant secretary, were witnesses for the appellant. Mr. Hawthorne testified merely that the physical inventory was kept under his supervision and that he had made the books and records available to Mr. Glander, as well as to Walter Julian, an accountant, who was a witness on behalf of the City of Newark. Mr. Julian testified to the valuations of the personally as shown by the books and records of the appellant, while Mr. Glander gave his opinion as to their fair market value. The point argued by the appellant is that proof of book value of personal property has no real probative value when not related to true value. It urges that the assessment be reduced to the valuation testified to by its expert witness, because no witness produced by the city contradicted that valuation. The effect of appellant's contention is that the respondent was obliged to accept the appraisal of appellant's expert witness, although greatly below the valuations shown by the appellant on its own books. With this contention we cannot agree. Expert testimony is for the purpose of assisting the tribunal to arrive at a determination of true value and, if credible and convincing, may be considered in conjunction with the books and records of the taxpayer. The book value shown by the taxpayer, while not necessarily proof of true value, is nevertheless some evidence which the board *497 may consider in its inquiry. We reject the proposition urged, namely, that the appellant's book value should be wholly disregarded and the assessment reduced to the expert's appraised value.
The book value of the personalty was more than two and one-half times the assessment. In round figures, the book value was in excess of $4,000,000; the assessment, $1,500,000. The following is an analysis and a comparison of the appraisal and book values:

 Glander's Book
 Appraisal Values
 --------- ------
Machinery, equipment
 and dies: $1,529,168.48
 Less depreciation 771,013.26
 _____________
 $362,000 758,155.22
Office Furniture 153,860.50
 Less depreciation 69,035.49
 _____________
 25,000 84,825.01
Inventory (average) 3,449,191.00
 Less reserve for
 obsolescence 238,472.68
 _____________
 860,000 3,210,718.32
 __________ _____________
 Total valuation $1,247,000 $4,053,698.55

The appellant manufactures electrical instruments; its inventory consisted of 32,000 items. Admittedly, its expert did not make a physical inspection of all the inventory, basing his appraisal largely on the inventory records shown him by Hawthorne. The book value of the inventory was based on cost. At cost, Glander valued the finished instruments at $641,300; raw materials at $362,471. He testified: "work in process and semi-finished parts * * * of $2,200,000. It is that merchandise principally that unless it finds its way into the actual outlet and is completed into an article to a willing buyer as of October 1st would not be worth more than * * * $150,000 and no more could be obtained for it in my opinion."
*498 The cost of an article is ordinarily some evidence of its value. However, other circumstances may, as of the assessment date, affect true value. Central R.R. Co. v. State Board of Assessors, 49 N.J.L. 1, 6 (Sup. Ct. 1886); General Motors Corp. v. State Board of Tax Appeals, supra. Even if we concede, arguendo only, that the true value of the inventory was less than either cost or book value, the valuation of appellant's personal property as shown by its books is far in excess of the assessment. Accordingly, the appellant has failed to meet the burden of showing the assessment to be erroneous. The judgment will be affirmed, with costs.