30 N.J. Super. 489 (1954)
105 A.2d 12
IN THE MATTER OF APPEAL OF KRESGE-NEWARK, INC., FROM THE ASSESSMENT OF PROPERTY IN THE CITY OF NEWARK, COUNTY OF ESSEX, FOR THE YEAR 1951.
KRESGE-NEWARK, INC., PETITIONER-RESPONDENT,
v.
THE CITY OF NEWARK, A MUNICIPAL CORPORATION, RESPONDENT-APPELLANT, AND DIVISION OF TAX APPEALS IN THE STATE DEPARTMENT OF TAXATION AND FINANCE OF THE STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 9, 1953.
Decided May 14, 1954.
*491 Before Judges CLAPP, GOLDMANN and EWART.
Mr. Vincent J. Casale argued the cause for appellant (Mr. Horace S. Bellfatto, attorney).
*492 Mr. Augustus C. Studer, Jr., argued the cause for petitioner-respondent (Messrs. McCarter, English & Studer, attorneys).
The opinion of the court was delivered by EWART, J.A.D.
The City of Newark appeals from two judgments of the Division of Tax Appeals in the State Department of Taxation and Finance by which the 1951 assessments on the Kresge department store building located at Nos. 707-719-721 Broad Street, Newark, N.J., were substantially reduced. By consent of counsel and order of the court, the two appeals were consolidated for trial.
The building in question occupies the entire block bounded by Broad and Halsey Streets, and by Raymond Boulevard and Cedar Street. The main building is nine stories in height with a basement and a sub-basement, and in addition there is a penthouse having four floors on top of the main building.
There are two owners of the plot of land upon which the one building is erected. That portion of the property known as 707-719 Broad Street, also known as Lot 38 in Block 53, is owned by Kresge Foundation, and a smaller plot making up the balance of the block, known as No. 721 Broad Street and also known as Lot 44 in Block 53, is owned by the Estate of Chauncey Parker, deceased.
Kresge-Newark, Inc. is the lessee of the entire property and is the taxpayer under the terms of the lease. The lessee operates a department store in the single building by which the two plots of ground are improved.
The taxpayer appealed the 1951 assessments on both land and building to the Essex County Board of Taxation, which board dismissed the appeals and affirmed the assessments. The taxpayer then appealed to the Division of Tax Appeals which affirmed the assessments on the land but reduced the assessments on the building as hereinafter mentioned. From the judgments of the Division of Tax Appeals, reducing the assessments on the building, the city appeals to this court.
*493 The 1951 assessments on these two properties were as follows:

 A. Kresge Foundation (Lot 38 in Block 53):
 Land ........................ $2,222,800
 Building .................... 2,977,200
 Total ....................... __________ $5,200,000
 B. Parker Estate (Lot 44 in Block 53):
 Land ......................... $443,100
 Building ..................... 177,700
 Total ........................ _________ 620,800
 __________
 Grand total for both properties ................ $5,820,800

The judgments of the Division of Tax Appeals fixed the following values:

 Kresge Foundation (Lot 38 in Block 53):
 Land ........................ $2,222,800
 Building .................... 2,369,300
 Total ....................... __________ $4,592,100
 Parker Estate (Lot 44 in Block 53):
 Land ......................... $443,100
 Building ..................... 172,000
 Total ........................ _________ 615,100
 __________
 Grand total .................................... $5,207,200

It will be observed that the Division did not reduce the assessments on the land, but did reduce the assessments on the building, that is to say, the assessments on both portions of the single building occupying the two parcels of land.
Before the Division of Tax Appeals, evidence was offered by Mr. Franklin Hannoch, an expert employed by the taxpayer, and Mr. John A. Linnett, an expert employed by the city.
A recapitulation showing the original 1951 assessments, values fixed by the judgments of the Division of Tax Appeals, and values testified to by Hannoch and Linnett respecting the building (not the land), is as follows:

*494
 Kresge Foundation Parker Estate
The assessment ................ $2,977,200 ............. $177,700
The Division of Tax
 Appeals valuation ........... 2,369,300 ............. 172,000
Hannoch appraisal ............. 2,063,214 ............. 154,500
Linnett appraisal ............. 5,490,700 ............. 339,800

In addition to oral testimony given by the two experts, they each submitted a detailed appraisal and analysis in writing, which were admitted in evidence, the analysis and appraisal by Mr. Hannoch being marked Exhibit P-1 and that by Mr. Linnett marked Exhibits R-1 and R-2. And the tax history of the property for the years 1948, 1949 and 1950 was also before the Division. There were no further proofs placed in evidence before the Division of Tax Appeals, but the report and recommendations made by a panel of the Division reveals that the members of the panel viewed the premises in question. The written report and recommendations of the panel were duly adopted by the Division and judgments entered thereon.
In dealing with the questions presented by these appeals, we must take notice of the presumption that exists in favor of the correctness of the original assessment made by the local assessor and that the taxpayer carries the burden of offering proof to overcome the presumption. Harborside Warehouse Co., Inc., v. Jersey City, 128 N.J.L. 263 (Sup. Ct. 1942), affirmed 129 N.J.L. 62 (E. & A. 1942), certiorari denied 318 U.S. 769, 63 S.Ct. 763, 87 L.Ed. 1140 (1943); L. Bamberger & Co. v. Division of Tax Appeals, 1 N.J. 151 (1948); Riverview Gardens Section One v. North Arlington Borough, 9 N.J. 167 (1952); City of Newark v. Township of West Milford, 9 N.J. 295 (1952); Aetna Life Ins. Co. v. City of Newark, 10 N.J. 99 (1952). In view of that presumption, the Court of Errors and Appeals has said that such assessment will not be disturbed unless the testimony decidedly bears against the correctness of the assessment. Central R. of New Jersey v. State Tax Department, 112 N.J.L. 5 (E. & A. 1933). And our present Supreme Court has said that to overcome the presumption mentioned, *495 the evidence must be definite, positive and certain in quality and quantity. Aetna Life Ins. Co. v. City of Newark, supra.
And it has been held that a similar presumption attaches to the judgment of the County Board of Taxation on appeal to the Division of Tax Appeals. Riverview Gardens Section One v. North Arlington Borough, supra.
On the other hand, the judgments rendered by the Division of Tax Appeals should not be disturbed by this court unless the evidence is persuasive that the Division erred in its determination. Borough of Haworth v. State Board of Tax Appeals, 127 N.J.L. 67 (Sup. Ct. 1941); Hackensack Water Co. v. State Board of Tax Appeals, 129 N.J.L. 535 (Sup. Ct. 1943); Camden County Realty Co. v. State Board of Tax Appeals, 131 N.J.L. 132 (Sup. Ct. 1943); Weston Electrical Instrument Corp. v. City of Newark, 11 N.J. Super. 493 (App. Div. 1951); Aetna Life Ins. Co. v. City of Newark, supra; Delaware, L. & W.R. Co. v. City of Hoboken, 10 N.J. 418 (1952). Nor will the court set aside a judgment of the Division of Tax Appeals on factual issues if there was competent evidence to support the Division's findings. Long Dock Co. v. State Board of Assessors, 86 N.J.L. 592 (E. & A. 1914); Peter Doelger Brewing Corp. v. Division of Tax Appeals, 137 N.J.L. 129 (Sup. Ct. 1948). And the courts have further said that the conclusions of the State Board fixing valuations of taxable property should not be set aside except for palpable error. In re New York State Realty & Terminal Co., 5 N.J. Super. 156 (App. Div. 1949); Weston Electrical Instrument Corp. v. City of Newark, supra; Aetna Life Ins. Co. v. City of Newark, supra. And that the decisions of the Division, based upon evidence before it, "should not be set aside unless entirely clear that the evidence will not fairly support them." In re New York State Realty & Terminal Co., supra; Jersey City v. Lehigh Valley R. Co., 9 N.J. 362 (1952).
The duty of this court in reviewing the matter on appeal from the judgments rendered by the Division of Tax Appeals is to review the evidence produced before the Division and to render such decision as the court deems proper *496 in the light of that evidence, bearing in mind, however, the presumption in favor of the correctness of the original assessment and also the presumption in favor of the judgments of the Division, to the extent that the evidence supports the latter judgments. Hackensack Water Co. v. State Board of Tax Appeals, supra; Aetna Life Ins. Co. v. City of Newark, supra; Delaware, L. & W.R. Co. v. City of Hoboken, supra.
The tax history of the property in question was admissible on the hearing of this appeal. Koch v. City of Jersey City, 118 N.J.L. 85 (Sup. Ct. 1937); Gannon v. State Board of Tax Appeals, 123 N.J.L. 450 (Sup. Ct. 1939); Hackensack Water Co. v. State Board of Tax Appeals, supra; Camden County Realty Co. v. State Board of Tax Appeals, supra; Aetna Life Ins. Co. v. City of Newark, supra. However, such tax history is of little evidential value on the question of valuation excepting that it may be resorted to in order to help clarify and explain the issues presented in reviewing the assessment. Aetna Life Ins. Co. v. City of Newark, supra.
But it is to be borne in mind that each annual assessment of property for taxation constitutes a separate entity, distinct from the assessments of previous or subsequent years. Hackensack Water Co. v. Division of Tax Appeals, 2 N.J. 157 (1949); Aetna Life Ins. Co. v. City of Newark, supra.
The panel of the Division had the right to take into consideration what it found and observed upon its view and inspection of the building. It has been said that the Division has the right to use its personal knowledge and judgment as to the value of the property when interpreting, comparing, weighing and considering the evidence of value offered before it. Long Dock Co. v. State Board of Assessors, supra; Harborside Warehouse Co., Inc., v. Jersey City, supra; In re New York State Realty & Terminal Co., 5 N.J. Super. 156 (App. Div. 1949). But the facts learned upon such viewing and inspection, or attributable to personal knowledge of the members of the panel or Division, and upon which the Division may rely in whole or in part in reaching its final determination, should be set forth in the findings *497 of fact, or elsewhere in the record, to the end that the litigants and this court may be informed of the things that motivated or controlled the action of the Division. In other words, there should be a full disclosure on the record of the facts relied upon by the Division in reaching its determination. Giordano v. City Comm. of City of Newark, 2 N.J. 585, 589 (1949).
We come now to a consideration of the evidence presented before the Division, to the findings of fact by the Division, and to the judgments based thereon.
The panel, in its report and recommendations which were afterwards adopted by the Division, made the following findings of fact:
(1) That the assessments levied by the city for the year 1951 were some 15% in excess of the assessments for the years 1948, 1949 and 1950; that there had been no physical changes in the building, or the location of the property; and that the volume of sales in the Kresge store upon which rental was based had declined from the year 1950 to the year 1951.
(2) That the store building covered the block bounded by Broad and Halsey Streets, Raymond Boulevard and Cedar Street, and had a total area of 51,272 square feet with frontage on each street as particularly set forth in the report.
(3) That the building in question is of special department store design, having nine floors, a basement, a sub-basement, and a penthouse of four floors on top of the main building; that the basements and the nine floors of the main building cover the entire block; but that the penthouse has a much reduced square foot area as is set forth in the report.
(4) That of the entire space within the building, only 6 1/2 full floors and the basement represent productive areas, the remaining 2 1/2 floors and the sub-basement and all of the penthouse being space devoted to storage, office, repairs, employee services, necessary equipment, etc.
(5) That the building has been kept in good condition, but that it possesses no conversion possibilities for other uses and that its market value can be associated only with its *498 use as a department store. Also that the difficult automobile parking situation in Newark, together with the tendency of buyers to patronize suburban stores, makes more remote the possibility of a sale of the premises for the only purpose for which they are designed, namely, for operation as a department store.
(6) That the location of the store is equal to the best in the City of Newark, although the Raymond Boulevard frontage is described as "very weak" and the Cedar Street frontage as having little value, but that the Broad and Halsey Street frontages both carry a great volume of shopping traffic.
(7) That there is an affiliation between the owners of the fee and the lessee, the latter being the taxpayer. That rental is charged based on a percentage of net sales, in addition to which taxes on the store are paid by the lessee as additional rental.
(8) That the facts found by the panel, as set forth above, are contained in the written appraisal submitted by the taxpayer's expert, Mr. Hannoch, and that such facts were not seriously disputed by the city and were accepted and established by the panel as facts proven in the case.
The report of the panel and its recommendations then proceeds to discuss and summarize the evidence submitted by the experts, particularly as set forth in the exhibits mentioned; the varying methods of valuation used by the expert appraisers and the factors taken into consideration by them; in its conclusions the report of the panel points out certain inconsistencies in the increase of the assessment for the portion of the building on the Kresge Foundation property as compared with the increase in the assessment for that portion of the building on the Parker Estate property; the report of the panel finds there has been no change in the physical condition of the improvements (building) in question nor in the physical condition of the plot of land upon which the building is erected, and concludes that for the reasons stated and upon the facts presented, plus a view of the property by the panel, the assessment should be fixed for the year 1951 at the figures *499 mentioned in the report of the panel and the judgment of the board, which amounted to a considerable reduction from the original assessment.
It is to be noted that the valuations fixed by judgment of the Division agrees neither with the valuation testified to by the taxpayer's expert nor with the valuation testified to by the city's expert, but does in fact coincide with the assessments on the same building for the years 1948, 1949 and 1950.
Neither the panel nor the Division decided or found as a fact the true value of the building. Neither did the Division determine whether the basis of valuation used by the taxpayer's expert, which allowed a lesser value for the non-productive portions of the building than he fixed for the productive portions, or the method of the city's expert, who valued the entire building on a uniform basis without regard to productive and non-productive areas, should be followed as the correct method. In fact, the Division did not adopt the valuation of either expert. Without further findings of fact, and without reference to the presumption of the correctness of the original assessment, but citing the fact that there had been no changes in the building since the assessments made for the years 1948, 1949 and 1950, the panel and the Division fixes the 1951 valuation at a figure coinciding with the assessments for those three prior years. Inferentially at least, the Division seems to rest its judgment upon the assumption that the assessments on the building for the years 1948, 1949 and 1950 represented true value.
While tax history of the building is admissible for limited purposes, we do not understand that the assessments for prior years can be used as a criterion of true value because if such prior assessments were incorrect, then such method would only perpetuate the error. City of Newark v. Township of West Milford, supra. The true test, we think, is not whether there have been any changes in the building that would justify a change in the assessment for prior years, but whether or not the 1951 assessment represents true value because each annual assessment is a separate entity, distinct *500 from the assessment of prior or subsequent years. Hackensack Water Co. v. Division of Tax Appeals, supra; Aetna Life Ins. Co. v. City of Newark, supra. Such assessment for prior years should not be used as the sole basis of valuation for the year in question because such assessment for prior years may not reflect true value. City of Newark v. Township of West Milford, supra.
The Division may correct or adjust an assessment complained of as not representing true value only upon a determination and finding, supported by evidence, that the assessment is in excess of or below true value. Delaware, L. & W.R. Co. v. City of Hoboken, supra. In that case, the Supreme Court said, 10 N.J., at page 428:
"Basic fact findings are thus essential, among other reasons, to help protect the parties against careless and arbitrary action and to enable the appellate court better to determine whether the division has kept within its delegated jurisdiction. Basic fact findings contemplate `a recitation of the basic facts established by the evidence as found by the trier of the facts, from which may be inferred the ultimate facts in terms of the statutory criterion required as a basis for a particular order.' 42 Am. Jur., Public Administrative Law, sec. 151, page 500."
In reviewing the evidence submitted to the Division and the findings of fact and conclusions of the Division based thereon, we find a determination of some facts as set forth above; we observe that the report of the panel, which was adopted by the Division, discusses and summarizes the evidence; we note that the Division adopts the valuation of neither of the two experts offered by the respective parties, but we find no determination by the Division of the true value of the property for the year 1951, nor any indication by the Division as to the proper method of valuing the property, nor is it possible for us to ascertain how the Division arrived at the valuation fixed by it unless on the assumption that the prior assessments for the years 1948, 1949 and 1950 represented true valuations of the property. Such assumption, we think, may not be indulged for the reasons stated above.
*501 While this court possesses authority in a proceeding of this sort to review the facts and make independent findings thereon and even to take additional evidence where required (Art. VI, sec. V, par. 3, Constitution of 1947; R.R. 4:88-13), yet in cases presenting complex problems of valuation as does the case before us, the better practice is for the appellate courts not to exercise such power. Delaware, L. & W.R. Co. v. City of Hoboken, supra. In fact, such power will not be exercised in the absence of imperative necessity therefor. City of Newark v. Township of West Milford, supra.
While we are not prepared to say at this time that the evaluation fixed by the Division is either correct or incorrect as representing true value, we think the determination of the Division is deficient in that it fails to contain adequate findings of fact enabling us to see the course by which and the basis upon which the Division arrived at its conclusion. We feel that this case should, therefore, be remanded to the Division of Tax Appeals, to take further proofs, if necessary, and to reach a determination based upon adequate findings of fact by it as contemplated by the statute, R.S. 54:2-16, as amended.
The judgment of the Division of Tax Appeals is accordingly reversed and remanded to the Division for further proceedings.